REID WRECKING CO. v. UNITED STATES.

REID WRECKING CO., Limited, v. SAME.

(District Court, N. D. Ohio, E. D.   January 16, 1913.)

Nos. 2,567, 2,566.

1. UNITED STATES (§ 125*)—ACTIONS AGAINST—CONSENT TO BE SUED—STATUTES.

The United States cannot be sued in their courts without their consent, and in granting such consent either by the Tucker Act (Act March 3, 1887, c. 359, 24 Stat. 505 [U. S. Comp. St. 1901, p. 752]), or otherwise, the right cannot be extended by the courts, but is strictly limited by the statute.

[Ed. Note.—For other cases, see United States, Cent. Dig. §§ 113, 114; Dec. Dig. § 125.*]

2. COURTS (§ 449*)—COURT OF CLAIMS.

A Canadian corporation having an admiralty claim against the United States may sue in the Court of Claims under Rev. St. U. S. § 1068 (U. S. Comp. St. 1901, p. 740), providing that aliens who are citizens or subjects of any government which accords to the citizens of the United States the right to prosecute claims in its courts may prosecute claims against the United States in the Court of Claims whereof such court, by reason of their subject-matter and character, might have jurisdiction.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1163–1169, 1172, 1173, 1175, 1180, 1181; Dec. Dig. § 449.*]

3. COURTS (§ 268*)—DISTRICT IN WHICH SUIT MUST BE BROUGHT.

Tucker Act March 3, 1887, c. 359, § 5, 24 Stat. 506 (U. S. Comp. St. 1901, p. 754), provides that the plaintiff in any suit brought against the United States under the provisions of the act shall file a petition with the clerk of the respective court having jurisdiction of the case and in the district wherein the plaintiff resides, which petition shall state the name and residence of the plaintiff, the nature of his claim, and a statement of the facts on which it was based, etc. Held, that such section was mandatory, and that a federal court in a district in which the plaintiff did not reside had no jurisdiction of a suit under such act against the United States.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 806, 807, 812; Dec. Dig. § 268.*]

4. UNITED STATES (§ 136*)—ACTION—PROCESS—SERVICE.

Tucker Act March 3, 1887, c. 359, § 6, 24 Stat. 506 (U. S. Comp. St. 1901, p. 755), providing that service on the United States in suits authorized by such act should be by causing a copy of the petition filed in a cause to be served on the district attorney of the district where the suit was brought, and mailing a copy by registered letter to the Attorney General of the United States, is mandatory, and service cannot be obtained by any other method.

[Ed. Note.—For other cases, see United States, Cent. Dig. § 131; Dec. Dig. § 136.*]

In Admiralty. Libels by the Reid Wrecking Company and the Reid Wrecking Company, Limited, against the United States. Motion to quash the monition in each case. Granted.

Holding, Masten, Duncan & Leckie, of Cleveland, Ohio, for libelants.

U. G. Denman, U. S. Atty., and John A. Hadden, Asst. U. S. Atty., of Cleveland, Ohio.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

DAY, District Judge. The United States, disclaiming intention to enter appearance in either of these two cases, moves to quash the monition or process in case No. 2,567, as the libelant therein shows that it is a corporation and resident of the state of Michigan; in case No. 2,566, because the libel therein shows that the corporation, libelant, is a corporation of the Dominion of Canada, and a resident thereof. In both cases the cause of action is based upon a contract entered into between the libelant and the War Department of the United States government. The contracts were marine in their nature.

Objection is raised to the right of the Reid Wrecking Company of Michigan to sue in any other district than that of which it is an inhabitant, and of the Canadian Company to sue in this court.

Practically the same question was raised in the case of Hijo v. United States, 194 U. S. 322, 24 Sup. Ct. 729, 48 L. Ed. 994, where the Supreme Court said, "We express no opinion on the question," wherein the court was referring to the requirement in the act that the petition shall be filed in the district where the plaintiff resides, and the case was decided upon other grounds. A similar question was presented in the case of N. Y. & O. S. S. Co. v. United States, 202 Fed. 311, decided by Judge Coxe of the Southern District of New York on December 6, 1912. It is apparent, from an examination of that decision, that the United States government waived its rights to object to the suit being brought in that jurisdiction; so that the question presented by these motions is practically a new one, so far as I can find from an investigation of the decisions of the various federal courts.

Although the actions are in admiralty, the authority to bring them is found in the so-called "Tucker Act," entitled "An act to provide for bringing suits against the government of the United States." Act March 3, 1887, c. 359, 24 Stat. 505 (U. S. Comp. St. 1901, p. 752). The act, so far as it is applicable to the present situation, provides that the Court of Claims shall have jurisdiction to hear and determine all claims upon any contract, express or implied, with the government of the United States, or for damages liquidated or unliquidated, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable.

Section 2 of the act provides:

"That the Circuit Courts of the United States shall have concurrent jurisdiction with the Court of Claims in all cases where the amount of such claim exceeds one thousand dollars and does not exceed ten thousand dollars."

This is essentially the provision of the new Judiciary Act, referring to the District Court jurisdiction.

Section 5 of the act is as follows:

"That the plaintiff in any suit brought under the provisions of the second section of this act, shall file a petition duly verified, with the clerk of the respective court having jurisdiction of the case, and in the district where the plaintiff resides. Such petition shall set forth the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which his claim is based, the money or any other thing claimed, or the

damages sought to be recovered and praying the court for a judgment or decree upon the facts and law."

Section 6 of this act describes the manner of service or process which must be followed by plaintiffs in suits against the government in the District Court. The service must be by causing a copy of the petition filed in the cause to be served upon the district attorney of the district where the suit is brought, mailing a copy of the same by registered letter to the Attorney General of the United States, and thereafter causing to be filed with the clerk of the court wherein the suit is instituted an affidavit of such service and the mailing of such letter.

[1] The United States cannot be sued in their courts without their consent. In granting such consent Congress has an absolute discretion to specify the cases and contingencies in which the liability of the government is submitted to the courts for their judicial determination, and the courts may not go beyond the letter of such consent. In Schillinger v. United States, 155 U. S. 163, 166, 15 Sup. Ct. 85, 86 (39 L. Ed. 108), Justice Brewer, in announcing the opinion of the court, said:

"Beyond the letter of such consent the courts may not go, no matter how beneficial they may be, or in fact might be their possession of a larger jurisdiction over the liabilities of the government."

The Supreme Court, in Reid v. United States, 211 U. S. 529, 29 Sup. Ct. 171, 53 L. Ed. 313, said:

"Suits against the United States can be maintained, of course, only by permission of the United States and in the manner and subject to the restrictions that it may see fit to impose."

It is evident from the holdings in these cases that the permission to bring suit against the United States as a sovereign power must be granted by Congress, and that the courts cannot enlarge upon the permission which has been granted by legislative authority. This being the law, the responsibility rests upon Congress, and the law as announced by Congress must be followed, regardless of the opinion of this court regarding its wisdom or its efficiency to meet certain conditions.

[2] The Canadian Company can bring suit in the Court of Claims under the provisions of section 1068 of the Revised Statutes of the United States (U. S. Comp. St. 1901, p. 740), which provides:

"Aliens who are citizens or subjects of any government which accords to the citizens of the United States the right to prosecute claims against such government in its courts, shall have the privilege of prosecuting claims against the United States in the Court of Claims, whereof such court, by reason of their subject-matter and character, might take jurisdiction."

[3] Being of the opinion that section 5 of the Tucker Act is mandatory and that it applies to the cases under consideration, and it plainly appearing that neither of the libelants is bringing this action in the district of its residence, it is plain that these actions cannot be maintained here. It was the evident intention of Congress, in granting the right to sue the government in the classes of cases specified by the act, to include cases at law and in equity, as well as in ad-

miralty. The provision "that the suits shall be brought in the district of the residence of the plaintiff" might be beneficial to the party bringing the suit, and, on the other hand, it might be beneficial to the United States government, as it would give the local government authorities an opportunity for speedy and immediate investigation· of the merits of the claims involved. While courts of admiralty are courts open to all the world in proper cases, I am not aware of any decisions which hold that the sovereign government of the United States can be sued in a court of admiralty without its consent.

[4] Section 6 of the Tucker Act, the substance of which is quoted above, provides the exact method of getting service upon the government. This method has not been complied with in the two suits herein involved. Had the United States government waived the permissive requirements of the act and proceeded with the trial of these actions, a different question might be presented; but inasmuch as the United States attorney has made prompt objection to the prosecution of these suits in this jurisdiction, for the reasons stated in this memorandum, the motion in each case will be sustained.

Orders may be entered accordingly.