### CASSARELLO v. UNITED STATES.

(District Court, M. D. Pennsylvania. December Term, 1919.)

No. 1137.

United States ⊙═127—Procedure in suit under War Risk Insurance Act is that prescribed by Tucker Act.

In bringing suit against the United States on a certificate of war risk insurance, as provided in Act Oct. 6, 1917, as amended by Act May 20, 1918 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 514kk), the procedure is that prescribed by Tucker Act, §§ 5, 6 (Comp. St. §§ 1575, 1576), by filing verified petition, serving a copy on the district attorney, and mailing a copy to the Attorney General.

At Law. Action by Savino Cassarello, executor of the will of Patrick (Pasquale) Cilletto, sometimes known as Patrick Chilant, against the United States. On rule to quash writ of summons. Summons quashed.

⊙═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

A. A. Vosburg, of Scranton, Pa., for plaintiff.
R. L. Burnett, U. S. Atty., of Scranton, Pa.

WITMER, District Judge. The plaintiff brought an action against the defendant, the United States of America, to recover upon certificate No. 1753749, issued by the Bureau of War Risk Insurance of the Treasury Department, for the benefit of the brother of the insured, one Patrick Cilletto, otherwise known as Patrick Chilant.

The suit was instituted in accordance with the procedure and practice established in Pennsylvania. On plaintiff's request a summons was issued, requiring the defendant to appear, followed by the filing of plaintiff's statement, with notice. The United States attorney, on whom service was attempted, appeared specially, and presented his petition on behalf of defendant, the United States, representing that plaintiff's action was brought and summons therein issued and served without legal authority, obtaining a rule on plaintiff to show cause why the summons should not be quashed.

Plaintiff points to the act of Congress approved October 6, 1917 (40 Stat. pt. 1, p. 410), as authority for instituting this suit. Though article 4 of this act was subsequently amended by striking out section 405, which authorized an action in the event of failure to compromise, however, by the amending act of May 20, 1918 (40 Stat. pt. 1, p. 556; U. S. Comp. Stat. 1918, Comp. St. Ann. Supp. 1919, § 514kk), the same proviso regarding this authority, together with the forum for instituting suit, was recognized in the proviso:

"No claim agent or attorney shall be recognized in the presentation or adjudication of claims under articles 2, 3, and 4, except that in the event of disagreement as to a claim under the contract of insurance between the bureau and any beneficiary or beneficiaries thereunder an action on the claim may be brought against the United States in the District Court of the United States in and for the district in which such beneficiaries or any one of them resides."

Continuing, the section limits and fixes the amount of attorney's fee, with the manner and means of its payment, providing, also, certain penalties for violation of its provisions. While authorizing the bringing of an action against the United States to recover upon a claim under the contract of insurance in the District Court of the habitat of the claimant, the act is absolutely silent as to how such suit shall be instituted and conducted. It is therefore reasonable to suppose that the lawmakers, having in mind the provisions relating to the bringing of suits against the government of the United States as set forth in Act March 3, 1887, c. 359, §§ 5, 6, 24 Stat. 505 (U. S. Comp. Stat. §§ 1575, 1576), known as the Tucker Act, intended that the same should be controlling in the proceedings which they authorized. After conferring upon the Court of Claims jurisdiction to hear and determine "all claims founded upon the Constitution of the United States or any law of Congress, except for pensions, or upon any regulation of an executive department, or upon any contract, expressed or implied, with the government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in

tort, in respect of which claims the party would be entitled to redress against the United States either in a court of law, equity, or admiralty if the United States were suable" (Comp. St. § 1136[1]), the act proceeds to confer concurrent jurisdiction with the Court of Claims, within certain limitations, upon the District and Circuit Courts of the United States, providing that all causes brought and tried under the provisions of this act should be tried by the court without a jury. A full and complete method of procedure then follows, to wit:

Section 5. "That the plaintiff in any suit brought under the provisions of the second section of this act shall file a petition, duly verified with the clerk of the respective court having jurisdiction of the case, and in the district where the plaintiff resides. Such petition shall set forth the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money or any other thing claimed, or the damages sought to be recovered and praying the court for a judgment or decree upon the facts and law."

Section 6. "That the plaintiff shall, cause a copy of his petition filed under the preceding section to be served upon the district attorney of the United States in the district wherein suit is brought, and shall mail a copy of the same, by registered letter, to the Attorney General of the United States, and shall thereupon cause to be filed with the clerk of the court wherein suit is instituted an affidavit of such service and the mailing of such letter. It shall be the duty of the district attorney upon whom service of petition is made as aforesaid to appear and defend the interests of the government in the suit, and within sixty days after the service of petition upon him, unless the time should be extended by order of the court made in the case to file a plea, answer, or demurrer on the part of the government, and to file a notice of any counterclaim, set-off, claim for damages, or other demand or defense whatsoever of the government in the premises: Provided, that should the district attorney neglect or refuse to file the plea, answer, demurrer, or defense, as required, the plaintiff may proceed with the case under such rules as the court may adopt in the premises; but the plaintiff shall not have judgment or decree for his claim, or any part thereof, unless he shall establish the same by proof satisfactory to the court."

Suits against the United States can be maintained, of course, only by permission of the United States and in manner and subject to the restrictions that it may see fit to impose. Reid v. United States, 211 U. S. 529, 29 Sup. Ct. 171, 53 L. Ed. 313. Though the government has consented to be sued, it has nevertheless not permitted this to be done in any other manner than as provided by the Tucker Act. In granting the consent to be sued "Congress has an absolute discretion to specify the cases and contingencies in which the liability of the government is submitted to the courts for judicial determination, and courts may not go beyond the letter of such consent." Schillinger v. United States, 155 U. S. 163, 15 Sup. Ct. 85, 39 L. Ed. 108. As was said in Kawananakoa v. Polyblank, 205 U. S. 349, 27 Sup. Ct. 526, 51 L. Ed. 834. It has given a restricted permission to be sued, and "has created a pattern jurisdiction in the Court of Claims." And in the same act in which such jurisdiction was conferred upon the Circuit and District Courts, concurrent with the Court of Claims, the method of procedure was also created beyond which these courts may not go, no matter how beneficial or inconvenient the same may prove.

The method of getting service upon the government, provided supra, has not been complied with in this action, nor has the same been

waived by the government, if that were possible. The United States attorney, having promptly objected to the prosecution of the action in its present form, moved to quash the writ, and his motion will be sustained.

The writ of summons is accordingly quashed.