NATIONAL CASKET CO. v. UNITED STATES.

(District Court, S. D. New York. March 16, 1920.)

1. UNITED STATES ⬅125—ACT GIVING COURT JURISDICTION TO DETERMINE COMPENSATION FOR BUILDING SEIZED FOR WAR PURPOSES GIVES CONSENT TO BE SUED.

 Lever Act, § 10 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ii), giving jurisdiction to United States District Courts to determine controversies as to the compensation for lands and buildings requisitioned for war purposes under that section, gives the consent of the sovereign to be sued.

2. WAR ⬅14—PROCEDURE TO RECOVER COMPENSATION FOR USE OF BUILDINGS SEIZED FOR WAR PURPOSES IS BY PETITION SERVED ON DISTRICT ATTORNEY AND ATTORNEY GENERAL.

 The procedure to recover compensation for the use of lands and buildings requisitioned for war purposes under section 10 of the Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ii) is by petition served on the United States district attorney and the Attorney General, as prescribed by Act March 3, 1887, §§ 5, 6 (Comp. St. §§ 1575, 1576), for suits under Judicial Code, § 24, subd. 20 (Comp. St. § 991), by analogy to sections 12, 16, 25, of the Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛jj, 3115⅛ll, 3115⅛q), which provide for recovery under that section of the Code, though a similar provision in section 10 was eliminated before its enactment, and service of a summons on the district attorney must be set aside.

Action by the National Casket Company against the United States. On motion to set aside the service of summons. Motion granted.

Motion to set aside the service of a summons issued out of this court in an action at law and served on the United States attorney for the Southern district of New York. The service was made without any accompanying complaint, but the character of the claim appears in the answering affidavit. It is that on July 8, 1918, the President, by virtue of powers given him under section 10 of the Lever Act (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 3115⅛ii), requisitioned the land and buildings of the plaintiff for the storage of gas masks, and held possession of them till April 9, 1919. The Board of Appraisers of the War Department awarded $63,025.10, and $47,310.91 interest, as compensation, which the plaintiff rejected, and now brings this action under the provisions of that section.

J. Joseph Lilly, of New York City, for the motion.
Daniel S. Murphy, of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). Section 10 of the Lever Act provides that under such circumstances "jurisdiction is hereby conferred on the United States District Courts to hear and determine all such controversies." Sections 12, 16, and 25 (Comp. St. 1918, Comp. St. Ann. Supp. 1919, §§ 3115⅛jj, 3115⅛ll, 3115⅛q) provide in analogous situations that recovery shall be made under section 24, subd. 20, and section 145 of the Judicial Code (Comp. St. §§ 991, 1136). Section 24, subd. 20, which confers jurisdiction on the District Court, was originally section 2 of chapter 359 of the act of 1887 (the Tucker Act), and sections 5 and 6 of that act (Comp. St. §§ 1575, 1576) established a procedure by which such suits should be governed. The claimant files a petition

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

in the District Court and serves a copy on the local district attorney and the Attorney General, after which the cause proceeds under the defense of the district attorney.

The United States now argues that under section 10 that procedure is necessarily not applicable, because of the change of expression between section 10 and the later sections, and that, as there is therefore no procedure defined by the act, claimants cannot move without a further enabling act of Congress. It argues, further, that if this be too strong a doctrine at least there is no warrant without some rule of court for the service of a summons on the district attorney, who is not to be deemed the representative of the United States, except as expressly provided by statute.

[1] The first position seems to me quite in the teeth of the meaning of the act; somehow and somewhere there must be the right to obtain the relief sought; the statute very clearly intended that it should itself constitute the necessary consent of the sovereign to accept the determination of its own courts, and be self-sufficient. To say that nothing was accomplished is to defeat the obvious plan which Congress had in mind, and to support the position that the statute failed to effect what every one must know it meant to effect.

[2] Yet it must be owned that to establish a procedure to meet the case involves some intercalation within the actual language used. It seems to me that in this dilemma the analogy of sections 5 and 6 of chapter 359 of the Laws of 1887 should be adopted, and that the proper procedure is to file and serve petitions as therein required. There is, it is true, force in the assertion of the United States that the difference of expression between section 10 and sections 12, 16, and 25 might indicate a difference in intent. Obviously it does to some extent, because the jurisdiction of this court extends to "all such controversies," regardless of their amount. Moreover, it is a little perplexing to learn that the original form of section 10 conformed to that of the later sections and that the change was deliberately made in the Senate. Nevertheless, some solution must be found, or the purpose of Congress will miscarry, and I think that the difference of intent between section 10 and the later sections is satisfied by the removal of limitation in amount upon the jurisdiction of the District Court.

The service of a summons upon the local district attorney has the support of no prior procedure ever sanctioned by Congress, and it seems to me more likely to accord with what must have been meant to adopt the nearest analogy which has any warrant of law. The case is wholly of first impression, but it must be decided in one way or the other, and in such circumstances courts should, I think, try to find that way out which leaves the fewest anomalies, exceptions, or diversities between cases in substance the same.

The motion to vacate the summons is therefore granted, but, to avoid further perplexities, I may add, in accordance with what I have just said, that petitions following the provisions of the Tucker Act would in my judgment answer the requirements of section 10.

Motion granted.