## BACHMAN, EMMERICH & CO., Inc., v. UNITED STATES. (two cases).

District Court, S. D. New York.
June 4, 1935.

Joseph B. Miller, of New York City, for plaintiff.

Martin Conboy, U. S. Atty., of New York City, and Irvin C. Rutter, Asst. U. S. Atty., of New York City.

GODDARD, District Judge.

Motions to dismiss the petition in each of the above-entitled suits for lack of jurisdiction on the ground that the cause of action set forth in each is barred by the provisions of section 3226 of the Revised Statutes of the United States, as amended by section 1103(a) of the Revenue Act of 1932, 26 U.S.C.A. § 156, 26 U.S.C.A. §§ 1672–1673.

The actions are brought to recover income taxes alleged to have been illegally and erroneously collected from the plaintiff for various years. The collector who collected the taxes from plaintiff during the years involved had retired from office at the time ·plaintiff's action was instituted, and the actions were brought in this court pursuant to section 24, subdivision 20 of the Judicial Code, as amended, 28 U.S.C.A. § 41(20).

In the first cause of action, L–59–148, ·the claims for refund were disallowed by the Commissioner of Internal Revenue on October 14, 1932, and notice of disallowance was mailed to the taxpayer on that date. The petition was filed with the clerk of the United States District Court, Southern District of New York, on October 11, 1934, pursuant to the provisions of the Tucker Act, § 5, Title 28 U.S.C.A. § 762. A copy thereof with notice of filing was served on the United States Attorney, Southern District of New York, on Oc-tober 17, 1934, and a copy mailed to the Attorney General of the United States on October 26, 1934. An affidavit of service on the United States Attorney and of the mailing by registered mail to the Attorney General was filed with the clerk of the United States·District Court on October 27, 1934.

In the second cause of action, L–59–49, the claims for refund were disallowed by the Commissioner of Internal Revenue on September 15, 1932, and notice of disallowance was mailed to the taxpayer on the same date. The petition was filed with the clerk of the United States District Court, Southern District of New York, on September 14, 1934, and a copy of the petition with notice of filing was served on the United States Attorney for the Southern District of New York on October 17, 1934. An affidavit of such service and mailing was filed with the clerk of the United States District Court on October 27, 1934.

The contention of the government is that the actions were begun after the expiration of the two years from the date of disallowance of the claims by the Commissioner of Internal Revenue, and therefore not in conformance with section 3226 of the Revised Statutes, as amended by the Revenue Act of 1932, which provides that suits for the refund of taxes paid must be commenced within two years from the date of mailing by registered mail by the Commissioner of Internal Revenue to the taxpayer of disallowance of the claim for refund.

The question to be determined is, When are actions, such as these, deemed to be begun? If begun by the filing of a verified petition with the clerk of this court pursuant to section 762 of 28 U.S.C.A., the motions to dismiss should be denied. But if an action under the above provisions is not begun until service of the petition on the United States Attorney and after mailing to the Attorney General, then more than two years would have expired and the actions are barred and the government's motions must be granted.

The procedure for suits against the United States under section 24, subd. 20, 28 U.S.C.A. § 41(20), is regulated by the Tucker Act, §§ 5, 6, 28 U.S.C.A. §§ 762, 763. Section 762 requires the filing of a petition containing certain allegations with the clerk of the District Court. Section 763 provides: "The plaintiff shall

cause a copy of his petition filed under section 762 of this title, to be served upon the district attorney of the United States in the district wherein suit is brought, and shall mail a copy of the same, by registered letter, to the Attorney General of the United States, and shall thereupon cause to be filed with the clerk of the court wherein suit is instituted an affidavit of such service and the mailing of such letter."

This procedure must be complied with strictly. Reid Wrecking Co. v. United States, D.C., 202 F. 314, and all its requirements must be met before the commencement of the action can be effected.

In a suit against the United States under sections 762 and 763, the filing of the petition and notice to the United States and the mailing to the Attorney General were not made until after two years, and it was held that the time limitation had expired and the action was barred. Creasy v. United States, D.C., 4 F.Supp. 175.

In Reid Wrecking Co. v. United States, D.C., 202 F. 314, 316, referring to the procedure for commencement of a suit under the Tucker Act, it was stated: "The service must be by causing a copy of the petition filed in the cause to be served upon the district attorney of the district where the suit is brought, mailing a copy of the same by registered letter to the Attorney General of the United States, and thereafter causing to be filed with the clerk of the court wherein the suit is instituted an affidavit of such service and the mailing of such letter."

I think that the plain inference of section 763 is that until its requirements have been complied with, the suit is not duly commenced, and it follows that if this is not done within the two-year period, the plaintiff is out of court. This interpretation of section 763 is in line with the views expressed in several cases. See Creasy v. United States, D.C., 4 F.Supp. 175; National Casket Company v. United States, D.C., 263 F. 246; Cassarello v. United States, D.C., 265 F. 326; McKesson & Robbins, Inc. v. Edwards et al., Judge Mack, Southern District, New York, March 21, 1929, L42-121.[1]

It is true that in the case of Mill Creek & Minehill Nav. & R. Co. v. United States, D.C.E.D., Pa., 246 F. 1013, it is held that suit was commenced on the issuance of the summons, but it seems to me this is contrary to the provisions of the Tucker Act and that the weight of authority is the other way.

In Reid v. United States, 211 U.S. 529, at page 538, 29 S.Ct. 171, 172, 53 L.Ed. 313, it was said: "Suits against the United States can be maintained, of course, only by permission of the United States, and in the manner and subject to the restrictions that it may see fit to impose."

Accordingly, as it appears that in each of the cases at bar the plaintiff has failed to commence suit within the period prescribed by the statute, I am constrained to grant the motions to dismiss.

Motions granted.

---

[1] No opinion for publication.