### MILLER v. UNITED STATES.
No. 1670.

District Court, W. D. New York.
July 19, 1935.

Daniel J. O'Mara, of Rochester, N. Y. (Edmund Clynes, of Rochester, N. Y., of counsel), for plaintiff.

George L. Grobe, U. S. Atty., of Buffalo, N. Y. (Frederick T. Devlin, of Buffalo, N. Y., of counsel), for the United States.

KNIGHT, District Judge.

On the 18th day of June, 1935, plaintiff caused a summons to be served upon the defendant by delivery of a copy thereof to an assistant district attorney. It was intended by this means to commence an action for recovery under a war risk insurance policy previously issued to the plaintiff. The aforementioned date was the last day upon which the action could be commenced. Defendant has moved to vacate the service of the summons.

The World War Veterans' Act 1924, § 19, as amended (38 USCA § 445), provides that, in suits brought under the act, the procedure shall be the same as that provided in sections 762, 763, and 765 of title 28 of the United States Code (28 USCA §§ 762, 763, 765) in so far as applicable. With the latter section we are not concerned on this motion. Section 762 provides for the filing of a petition setting forth certain prescribed facts. Section 763 provides for service of copies of the petition on the district attorney and the Attorney General and requires the district attorney to appear and defend the interests of the government. After receipt of a copy of the petition, he is allowed sixty days to file an answer.

Defendant asserts that the above-mentioned sections must be strictly construed and that they require an action, such as is here contemplated, to be commenced by the filing and service of a petition, exclusive of any and all other means. Plaintiff contends that since sections 762 and 763 are silent as to the time when the copy of the petition filed is to be served on the district attorney, and since there is no express provision defining when such suit is brought, the service of a summons, in accordance with the state practice for commencing an action, was a correct and proper method of starting the action under the Conformity Act (17 Stat. 197).

It is the opinion of the court that Congress intended that the service of the petition on the district attorney should mark the commencement of the action. Sections 762 and 763, read together, prescribe a simple and complete method of raising the issues of the litigation. The district attorney is not required to act until a petition is served upon him. Were the plaintiff allowed to serve a summons to commence the action and then file a petition at his leisure, no time for such filing being specified in the act, the statute of limitations governing the bringing of such actions would be nullified. It could not be contended that such result was intended.

It is not questioned that procedure set forth in consent legislation must be strictly followed in order to secure jurisdiction. Walton v. United States (C. C. A.) 73 F. (2d) 15, 18, and cases there cited. In the aforecited case the question was as to the time of service of the petition on the district attorney. It was held that "although sections 762 and 763 of title 28 of the United States Code (28 USCA §§ 762, 763) did not provide for the service of a summons upon the United States District Attorney in a case of this kind, it is believed that the time of the service of a copy of the petition upon the United States District Attorney should determine the time when the action was commenced under the laws of South Dakota." Likewise here, the time of service of a petition determines when the action is commenced.

In National Casket Co. v. United States (D. C.) 263 F. 246, it was held that service of a summons intended to commence an action under the Lever Act (40 Stat. 276) must be set aside. The same procedure was prescribed for commencing such actions as for the one at bar. In Cassarello v. United States (D. C.) 265 F. 326, it was held that suit must be brought by filing a verified petition and serving the district attorney and mailing a copy to the Attorney General.

Service of a summons not being the proper procedure for commencing the action intended, the defendant's motion must be granted.