### SPENCER v. UNITED STATES.

No. 4703.

District Court, D. Massachusetts.

March 4, 1936.

Theodore V. Quinlivan, of Springfield, Mass., and James P. Boland, of Northampton, Mass., for plaintiff.

Francis J. W. Ford, U. S. Atty., and Timothy A. Curtin, Asst. U. S. Atty., both of Boston, Mass.

BREWSTER, District Judge.

On February 10, 1931, the plaintiff, a veteran, signed and made oath to a petition setting forth that he had a claim against the United States on a war risk insurance policy, but that the United States disagreed with him as to his claim, and asking for a judgment against the United States for the amount of the policy. The plaintiff died on March 14, 1931. On

March 31, 1931, the plaintiff's attorney, being unaware of the plaintiff's death, filed the petition in the clerk's office of the District Court of the United States for the District of Massachusetts. At the same time the plaintiff's attorney served a copy of the petition on the United States attorney, mailed a copy by registered mail to the Attorney General of the United States, and filed the required affidavit with the clerk that he had done so. On April 6, 1931, the defendant filed an answer asking that the action be abated on the ground that the plaintiff was dead when the suit was begun.

On April 7, 1931, an administrator of the estate of Spencer was duly appointed. Shortly thereafter, a special assistant United States attorney in Boston wrote a letter to the plaintiff's counsel and stated that it would be possible for the administrator to intervene in this action, and that it would not be necessary to start a new suit. The period of limitation within which this petition could be brought expired on July 3, 1931. On October 29, 1935, the administrator filed a motion to be substituted as a party plaintiff in this action. The case has been heard on the answer in abatement, and the motion to substitute.

█ This suit is brought against the United States by authority of title 38, § 445 of the United States Code (38 U.S.C.A. § 445) which provides that the procedure in suits authorized by that section is to be the same as that provided in sections 762, 763, and 765 of title 28 of the Code (28 U.S.C.A. §§ 762, 763, and 765), in so far as applicable. I am of the opinion that a suit under sections 762 and 763 of title 28 of the Code (28 U.S.C.A. §§ 762 and 763) cannot be regarded as commenced, so that it will not abate with the death of the plaintiff when the plaintiff has signed and sworn to his petition, and nothing more has been done. It is the contention of the plaintiff that, since sections 762 and 763 make no mention of when the suit is to be regarded as begun, this question, in accordance with the provisions of the Conformity Act, title 28 U.S.Code, § 724 (28 U.S.C.A. § 724), must be regarded as governed by the law of the state where the suit is brought. The plaintiff argues that since, in Massachusetts, a lawsuit is regarded as dating from the writ, applying that rule to the present case, the suit should be regarded as commenced from the date of the petition, which the plaintiff regards as the paper analogous to the writ in the present case.

As a result of cases arising under the statute of limitations, there is some doubt whether, under the laws of Massachusetts, an action would be regarded as begun during the lifetime of the plaintiff where more than a month intervened between the date of the writ and the death of the plaintiff, during which time no attempt was made either to serve the writ or enter it in any court. See Mayor of Revere v. Special Judge of District Court of Chelsea, 262 Mass. 393, 160 N.E. 431; Rosenblatt v. Foley, 252 Mass. 188, 147 N.E. 558.

█ But it is unnecessary to decide what the law of Massachusetts would be in this regard. This is a suit under a federal statute, in which permission has been granted to bring suit against the United States. It is well settled that in such cases the plaintiff must strictly follow the procedure specified by the statute granting leave to sue. Schillinger v. United States, 155 U.S. 163, 15 S.Ct. 85, 39 L.Ed. 108; Reid Wrecking Co. v. United States (D.C.) 202 F. 314; National Casket Co. v. United States (D.C.) 263 F. 246. It is true that the statute is silent as to when a suit brought under its provisions is to be regarded as commenced, and that in actions at law practice in the federal courts must conform as near as may be to the practice in the courts of the state where the suit is brought. But in the present case we are dealing with the interpretation of a federal statute. No help can be obtained by resort to state decisions under a totally different form of proceeding. In cases where the question of the date of starting suit under this statute has been raised by the statute of limitations, the federal courts have uniformly held that the suit cannot be regarded as commenced until all the requirements of the statute have been met or at least until a copy of the petition has been served on the United States attorney. Miller v. United States (D.C.) 11 F.Supp. 924; Creasy v. United States (D.C.) 4 F.Supp. 175. No case has held that the suit can be regarded as begun before even the petition has been filed.

█ The result is not affected by the letter of the special assistant United States attorney, referred to above. The statute gives the representatives of the government no power to waive any of its terms. Un-

less the letter can be regarded as such a waiver, the suit was never properly begun at the time of the death of the veteran. In Wilber National Bank of Oneonta v. United States, 294 U.S. 120, at page 123, 55 S.Ct. 362, 364, 79 L.Ed. 798, the court said: "Undoubtedly, the general rule is that the United States are neither bound nor estopped by the acts of their officers and agents in entering into an agreement or arrangement to do or cause to be done what the law does not sanction or permit. Also, those dealing with an agent of the United States must be held to have had notice of the limitation of his authority. Utah Power & Light Co. v. United States, 243 U.S. 389, 409, 37 S.Ct. 387, 61 L.Ed. 791; Sutton v. United States, 256 U.S. 575, 579, 41 S.Ct. 563, 65 L.Ed. 1099, 19 A.L.R. 403."

I conclude, therefore, that the motion to substitute the administrator as plaintiff in the present suit should be denied, and that the defendant's answer in abatement should be allowed.