## HENRY v. UNITED STATES.

### No. 2898.

District Court, M. D. Pennsylvania.

July 17, 1936.

Metzger & Wickersham, of Harrisburg, Pa., for plaintiff.

Frederick V. Follmer, U. S. Atty., of Milton, Pa., for the United States.

WATSON, District Judge.

This is a suit to recover on a war risk insurance policy. The defendant has moved to dismiss the action for the reason that it is barred by section 19 of the World War Veterans' Act, as amended July 3, 1930 (38 U.S.C.A. § 445), the pertinent provisions of which are as follows: "No suit on yearly renewable term insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made or within one year after the date of approval of this Amendatory Act [July 3, 1930], whichever is the later date; * * * provided further, That this limitation is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim by the Administrator of Veterans' Affairs."

The World War Veterans' Act 1924, § 19, as amended (38 U.S.C.A. § 445), also provides that, in suits brought under the act, the procedure shall be the same as that provided in sections 762, 763, and 765 of title 28 of the United States Code (28 U.S.C.A. §§ 762, 763, 765) in so far as applicable. With the latter section we are not concerned on this motion. Section 762 provides for the filing of a petition setting forth certain prescribed facts. Section 763 provides for service of copies of the petition on the district attorney and the Attorney General and requires the district attorney to appear and defend the interests of the government. After receipt of a copy of the petition, he is allowed sixty days to file an answer.

On January 25, 1932, the plaintiff filed in the clerk's office a præcipe for a summons in assumpsit. The summons was served upon the district attorney of the United States January 30, 1932. Apparently it was intended by this means to commence this action. On February 8, 1932, the district attorney of the United States entered his appearance on behalf of the defendant. On October 22, 1932, a statement of claim was filed by the plaintiff and, on October 26, 1932, a certified copy thereof was served upon the district attorney of the United States. On October 27, 1932, a certified copy of plaintiff's statement was mailed to the Attorney General of the United States. On February 20, 1933, the district attorney of the United States filed an answer to plaintiff's statement of claim. On June 17, 1930, the plaintiff filed in the Bureau the claim sued upon. On August 27, 1931, the Administrator of Veterans' Affairs issued a letter of disagreement to the plaintiff.

As the plaintiff filed his claim in the Bureau on June 17, 1930, and the claim was denied by the Administrator of Veterans' Affairs by letter addressed to the plaintiff dated August 27, 1931, the period which elapsed between the filing of the claim and July 3, 1931, was one year and sixteen days, and, therefore, allowing two days for the transmission of the letter by mail from Washington, D. C., to the plaintiff's address, the plaintiff had until September 14, 1932, to bring suit, after which date the suit was barred.

It is the opinion of the court that Congress intended that the service of the petition upon the district attorney should mark the commencement of the action. Sections 762 and 763 read together prescribe a simple and complete method of raising the issues. Were the plaintiff allowed to serve a summons to commence the action, and then file a petition at his leisure, no time for such filing being specified in the act, the time limit for bringing such action would be nullified. Obviously, no such result was intended. Here the time of service of the petition determines when the action is commenced. Miller v. United States (D.C.) 11 F.Supp. 924; Walton v. United States (C.C.A.) 73 F.(2d) 15; Creasy v. United States (D.C.) 4 F. Supp. 175.

This action was not commenced until October 26, 1932, when the plaintiff's statement was served upon the district attorney of the United States. This was too late.

The plaintiff contends that the district attorney, by entering his appearance for the United States on February 8, 1932, and by filing an answer to plaintiff's statement of claim on February 20, 1933, waived the provision of the statute limiting the time within which a suit may be brought. At the time the district attorney entered his appearance the suit had not been commenced, and that act by the district attorney was a nullity and of no effect. The suit was commenced too late, and, for that reason, this court is without jurisdiction to decide it.

The United States government has the sovereign right to fix the terms under which it may be sued. It has done so as

to suits such as the one at bar, and has not authorized the district attorney, or any officer of the government, to alter the provisions or waive the limitations imposed. The requirement for timely institution of this action constitutes a jurisdictional condition precedent, which may not be waived or abrogated by estoppel. Lynch v. United States (C.C.A.) 80 F.(2d) 418. Failure to bring suit on war risk policy within one year period provided by amendatory act is a jurisdictional defect. Miller v. United States (D.C.) 57 F.(2d) 889; Hipkins v. United States (D.C.) 1 F.Supp. 505.

Under such circumstances as those existing in this case, it becomes the duty of the court to dismiss the action whether limitation was pleaded or not.

Now, the defendant's motion to dismiss is sustained and the action is dismissed.