## MUNRO v. UNITED STATES.
### No. 251.

Circuit Court of Appeals, Second Circuit.
April 12, 1937.

Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C. (George L. Grobe, U. S. Atty., of Buffalo, N. Y., Joseph J. Doran, Asst. U. S. Atty., of Rochester, N. Y., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., and Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to Atty. Gen., on the brief), for the United States.

Alger A. Williams, of Buffalo, N. Y. (Charles H. Kendall, of Buffalo, N. Y., of counsel), for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge.

This is an action upon a contract of war risk term insurance brought in the District Court. Before the case was reached for trial the defendant moved for dismissal upon the ground that suit had not been commenced within the time prescribed by section 19 of the World War Veterans' Act of 1924, as amended; 38 U. S.C.A. §§ 445, 445d. This motion was overruled by Judge Rippey. Munro v. United States (D.C.) 10 F.Supp. 412. At the trial the motion was renewed before Judge Knight, who, following Judge Rippey, properly denied it. The correctness of these rulings is the only question presented by the appeal.

The plaintiff concedes that under the statute the action had to be brought not later than July 1, 1933. The facts giving rise to the dispute whether it was so brought are the following: On March 16, 1933, a præcipe for the issuance of a summons was filed in the office of the clerk of the District Court, and on the same date a copy of the summons issued pursuant thereto was served upon the United States attorney in Buffalo, and another copy was sent by registered mail to the Attorney General in Washington, D. C.; but no copy of the complaint was served upon the United States attorney until July 26, 1933, and the original of the complaint was not filed in the office of the clerk of the court until April 23, 1936, after the trial. On February 15, 1934, the United States attorney filed the defendant's answer without raising any question as to the timeliness of the suit, but about a year later moved to dismiss for lack of jurisdiction. This was the motion which Judge Rippey overruled. The trial was had in April, 1936, and judgment was entered July 29, 1936. In following the above-described procedure the plaintiff's attorney acted upon information obtained from an assistant United States attorney who told him that service of the summons would be sufficient to give the court jurisdiction and toll the statute of limitations and that the complaint or petition might be served subsequently.

The questions thus presented are two: First, whether procuring a summons, serving a copy thereof on the United States attorney, and sending a copy to the Attorney General by registered mail constituted a commencement of suit against the United States; and, second, if it did not, whether the United States has waived the defense that the suit was not brought within the time specified by section 19 of the World War Veterans' Act of 1924 as amended.

Said section 19 as amended by the Act of July 3, 1930 (46 Stat. 992, 38 U.S.C.A. § 445), provides that an action on a war risk insurance claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the federal District Court for the district in which the claimant resides. It also provides that "the procedure in such suits shall be the same as that provided in sections 5 and 6 [sections 762 and 763 of Title 28]" of the Tucker Act of 1887, "and section 10 [1] thereof [section 765 of Title 28] in so far as applicable." Section 5 of the Tucker Act says that the plaintiff "shall file a petition" with the clerk of the court in the proper district, containing, among other things, a succinct statement of the facts on which the claim is based, and section 6 says he shall cause a copy of his petition filed under the preceding section to be served upon the district attorney and shall mail a copy, by registered letter, to the Attorney General. 24 Stat. 506, 28 U.S.C.A. §§ 762, 763. It is obvious that these provisions were not complied with before July 1, 1933. Indeed, the requirement that a copy of the petition be mailed to the Attorney General does not appear to have been complied with at any time—although this might not be fatal if the other requirements were fulfilled. Cf. Little v. United States, 54 F.(2d) 711 (D.C.W.D.La.).

[1-3] The appellant contends that the procedure prescribed by sections 5 and 6 of the Tucker Act (28 U.S.C.A. §§ 762, 763) are mandatory in prescribing how personal jurisdiction over the United States shall be obtained in an action brought in the District Court; while the plaintiff urges that the Conformity Act (28 U.S.C.A. § 724) makes applicable the procedure of the New York Civil Practice Act, pursuant to which actions are begun by service of summons. To the plaintiff's argument it may be answered that, literally, the Civil Practice Act does not, and could

---

[1] Section 10 (see 28 U.S.C.A. § 765) is thought not pertinent to the present discussion.

616

not, provide any method of suing the United States, or of serving a summons upon the United States. Upon a broader basis it may be answered that, when the United States consents to be sued, it may impose such restrictions upon the manner of bringing suit as it sees fit (Reid v. United States, 211 U.S. 529, 538, 29 S. Ct. 171, 53 L.Ed. 313), and that the reference to sections 5 and 6 of the Tucker Act, specifically designating the procedure to be followed in a suit based on a war risk insurance contract, precludes the adoption of any other. As an original question, we should entertain no doubt that this is the correct conclusion and that the suit cannot be deemed to have been "brought" until, at the least, a copy of the petition was served on the district attorney.

The authorities are in some confusion. The greater number of decisions, and in our opinion the better reasoned, support the view above expressed. In several, it has been held that service of a summons upon the district attorney is an unauthorized method of beginning suit against the United States, and motions to quash the service have been granted. National Casket Co. v. United States, 263 F. 246 (D. C.S.D.N.Y.); Cassarello v. United States, 265 F. 326 (D.C.M.D.Pa.); Reid Wrecking Co. v. United States, 202 F. 314 (D. C.N.D.Ohio); Whalen Paper & Pulp Mills v. Davis, 53 App.D.C. 84, 288 F. 438; Miller v. United States, 11 F.Supp. 924 (D.C.W.D.N.Y.). In others, where the question was the same as in the case at bar, namely, whether the action was brought in time, it has been held directly or by intimation that the procedure of sections 5 and 6 of the Tucker Act (28 U.S.C.A. §§ 762, 763) must be followed. Walton v. United States, 73 F.(2d) 15 (C.C.A.8); Tyson v. United States, 76 F. (2d) 533 (C.C.A.4), affirmed 297 U.S. 121, 56 S.Ct. 390, 80 L.Ed. 520; Creasy v. United States, 4 F.Supp. 175, 179 (D.C. W.D.Va.); Spencer v. United States, 14 F.Supp. 46, 47 (D.C.D.Mass.); Henry v. United States, 15 F.Supp. 651 (D.C.M.D. Pa.). On the other hand, Judge Dickinson held in Mill Creek & M. N. & R. Co. v. United States, 246 F. 1013 (D.C.E.D. Pa.), that a suit for recovery of illegally collected taxes was timely brought against the United States by the issuance of a summons and service thereof on the district attorney in accordance with Penn-

sylvania practice. This decision was cited with approval by Judge Knox in Bennett Day Importing Co. v. United States, 8 F. (2d) 83 (D.C.S.D.N.Y.), and Judge Rippey reached the same result in the case at bar and in Miller v. United States, 13 F.Supp. 684 (D.C.W.D.N.Y.). Upon a direct writ of error to the Supreme Court, Judge Dickinson's decision was affirmed in a per curiam opinion, United States v. Mill Creek & M. H. N. & R. Co., 251 U. S. 539, 40 S.Ct. 118, 64 L.Ed. 404; but we think that such affirmance must be construed only as a holding that the District Court had jurisdiction of the subject matter of the suit without consideration of the question whether the United States had been properly brought into court before the statute of limitations had run. This follows from the fact that affirmance was upon the authority of United States v. Larkin, 208 U.S. 333, 28 S.Ct. 417, 52 L.Ed. 517. There a direct writ of error brought up a judgment of a District Court dismissing an information for the forfeiture of smuggled jewels on the ground that no lawful seizure of the jewels had been made within the Cleveland district. It was held that a controversy whether there had been a lawful seizure in that district did not involve the jurisdiction of the District Court as a federal court. Hence the case was appealable to the Circuit Court of Appeals, and, since an appeal had already been taken to that court, the writ of error was dismissed without considering the validity of the seizure. Therefore we conclude that the affirmance of the Mill Creek Case has not settled the question with which we are presented; and for the reasons and on the authorities above mentioned we hold that the plaintiff did not bring his action within the time required by section 19 of the World War Veterans' Act as amended.

It remains to consider whether the delay was waived by the statement of an assistant district attorney that service of a summons would toll the statute, or by the filing of an answer of general denial after the copy of the petition had been served upon the district attorney. The answer must be in the negative. When Congress requires a suit against the United States to be brought within a specified time, the time limitation is a condition upon the court's jurisdiction and operates as a bar to judgment without being pleaded. Finn v. United States, 123 U.S. 227, 8

S.Ct. 82, 31 L.Ed. 128. It may not be abrogated by estoppel, nor waived. Lynch v. United States, 80 F.(2d) 418 (C.C.A. 5), certiorari denied 298 U.S. 658, 56 S. Ct. 683, 80 L.Ed. 1384; United States v. Trollinger, 81 F.(2d) 167 (C.C.A.4); United States v. Valndza, 81 F.(2d) 615 (C.C.A.6); Henry v. United States, 15 F. Supp. 651 (D.C.M.D.Pa.); Spencer v. United States, 14 F.Supp. 46 (D.C.D.Mass.). The cases relied upon by the plaintiff to establish waiver are manifestly different. Most of them relate to matters of venue, as in United States v. Hvoslef, 237 U. S. 1, 35 S.Ct. 459, 59 L.Ed. 813, Ann.Cas. 1916A, 286, and United States v. New York & O. S. S. Co., 216 F. 61 (C.C.A. 2). We do not think that United States v. Ellison, 74 F.(2d) 864, at page 869 (C. C.A.4), certiorari denied 295 U.S. 750, 55 S.Ct. 829, 79 L.Ed. 1695, contradicts our conclusion, for the court seems to have assumed that, if the issue of timeliness had been raised, the plaintiff could have proved his right to sue. Compare the later decision by the same court in United States v. Trollinger, 81 F.(2d) 167.

For the foregoing reasons, the judgment must be, and is, reversed and the cause remanded.