**BATES MFG. CO. v. UNITED STATES.\***
No. 3280.

Circuit Court of Appeals, First Circuit.
Dec. 8, 1937.

MORTON, Circuit Judge, dissenting.

Charles B. Rugg, of Boston, Mass. (H. Brian Holland and Warren F. Farr, both of Boston, Mass., Everett H. Maxcy, of Augusta, Me., and Ropes, Gray, Boyden & Perkins, of Boston, Mass., on the brief), for appellant.

Robert N. Anderson, Sp. Asst. to Atty. Gen. (James W. Morris, Asst. Atty. Gen., and Sewall Key, Norman D. Keller, and John J. Pringle, Jr., Sp. Assts. to Atty. Gen., on the brief), for the United States.

Before BINGHAM, WILSON, and MORTON, Circuit Judges.

BINGHAM, Circuit Judge.

This is an appeal from a judgment of the Federal District Court for Massachusetts in favor of the defendant. The plaintiff brought an action to recover income and excess profits taxes alleged to have been erroneously and illegally assessed and collected for the years 1917, 1918, 1919, 1920, and 1921, amounting to $313,249.71. Its petition was filed in the District Court on March 21, 1929. May 16, 1929, the defendant filed an answer denying every material allegation of the petition. January 2, 1932, the petition was dismissed without prejudice for lack of prosecution. May 28, 1935, a bill of review having been filed and allowed, the case was restored to the docket. May 4, 1937, the defendant filed a motion to dismiss the petition on the ground that the District Court was without jurisdiction to hear and determine the cause, alleging that the petition was barred by the provisions of section 3226 of the Revised Statutes, as amended by section 1113(a) of the Revenue Act of 1926, 44 Stat. 116. June 18, 1937; the court granted the motion to dismiss, and a judgment of dismissal having been entered on July 20, 1937, this appeal was taken.

\*Writ of certiorari granted 58 S.Ct. 521, 82 L.Ed. ——.

From the allegations of the petition it appears that the taxes in question were duly paid; that the collectors who collected the taxes were not in office at the time of the filing of the petition; that claims for refund were seasonably filed with the Commissioner and were rejected on March 22, 1927; that on March 21, 1929, the plaintiff filed the petition in question in the office of the clerk of the District Court for Massachusetts; that on the 25th of March, 1929, a copy of the petition was served, by the then attorney for the plaintiff, upon the District Attorney for the District of Massachusetts; that on the same day (March 25) a copy of the petition and notice of its filing were sent by registered letter to the Attorney General of the United States; and that on March 28, 1929, an affidavit of the service and mailing of notice as therein stated was filed with the court.

The applicable statutes under which this controversy arises are the following: Section 3226 of the Revised Statutes, as amended by section 1113(a) of the Revenue Act of 1926, c. 27, 44 Stat. 9, 116, United States Code, title 28, §§ 41(20) and 762 and 763, 28 U.S.C.A. §§ 41(20), 762, 763. Section 3226 reads as follows:

"Sec. 3226. No suit or proceeding shall be maintained in any court for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Commissioner of Internal Revenue, according to the provisions of law in that regard, and the regulations of the Secretary of the Treasury established in pursuance thereof; but such suit or proceeding may be maintained, whether or not such tax, penalty, or sum has been paid under protest or duress. No such suit or proceeding shall be begun before the expiration of six months from the date of filing such claim unless the Commissioner renders a decision thereon within that time, nor after the expiration of five years from the date of the payment of such tax, penalty, or sum, unless such suit or proceeding is begun within two years after the disallowance of the part of such claim to which such suit or proceeding relates. The Commissioner shall within 90 days after any such disallowance notify the taxpayer thereof by mail."

Title 28, §§ 41(20) and 762 and 763 of the United States Code are as follows:

"Section 41 (Judicial Code, section 24, amended.) Original jurisdiction. The district courts shall have original jurisdiction as follows: * * *

"(20). Suits against United States. Twentieth. Concurrent with the Court of Claims, of all claims not exceeding $10,000 founded upon the Constitution of the United States or any law of Congress, or upon any regulation of an executive department, or upon any contract, express or implied, with the Government of the United States, or for damages, liquidated or unliquidated, in cases not sounding in tort, in respect to which claims the party would be entitled to redress against the United States, either in a court of law, equity, or admiralty, if the United States were suable, and of all set-offs, counterclaims, claims for damages, whether liquidated or unliquidated, or other demands whatsoever on the part of the Government of the United States against any claimant against the Government in said court; and of any suit or proceeding commenced after the passage of the Revenue Act of 1921, for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-revenue laws even if the claim exceeds $10,000, if the collector of internal revenue by whom such tax, penalty, or sum was collected is dead or is not in office as collector of internal revenue at the time such suit or proceeding is commenced."

"§ 762. Petition in suit against United States. The plaintiff in any suit brought under the provisions of section 41, paragraph 20, of this title shall file a petition, duly verified with the clerk of the respective court having jurisdiction of the case, and in the district where the plaintiff resides. Such petition shall set forth the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money or any other thing claimed, or the damages sought to be recovered and praying the court for a judgment or decree upon the facts and law.

"§ 763. Same; service; appearance by district attorney. The plaintiff shall cause a copy of his petition filed under section 762 of this title, to be served upon the district

attorney of the United States in the district wherein suit is brought, and shall mail a copy of the same, by registered letter, to the Attorney General of the United States, and shall thereupon cause to be filed with the clerk of the court wherein suit is instituted an affidavit of such service and the mailing of such letter. It shall be the duty of the district attorney upon whom service of petition is made as aforesaid to appear and defend the interests of the Government in the suit, and within sixty days after the service of petition upon him, unless the time should be extended by order of the court made in the case to file a plea, answer, or demurrer on the part of the Government, and to file a notice of any counterclaim, set-off, claim for damages, or other demand or defense whatsoever of the Government in the premises."

The only question in the case here presented is whether the proceeding was begun within two years after the disallowance, on March 22, 1927, of the claims in question; the petition having been filed March 21, 1929, but not served until March 25, 1929.

The plaintiff concedes that if it had failed to file a verified petition within the two-year period no proceeding would have been begun against the United States within the meaning of section 3226, as amended; but contends that such a proceeding is begun within that section if a verified petition is filed in the District Court, without its, having been served upon the District Attorney for the District within the prescribed time. In other words, that the mandatory provision of section 762 as to filing is essential to the commencement of the proceeding, but the equally mandatory provisions of section 763 as to service are not.

It is also conceded that the provisions of the Conformity Act, section 724, title 28 U.S.C.A., requiring that the practice, pleadings, and mode of proceeding in civil causes, other than equity and admiralty causes, in the District Courts, shall conform to the practice, pleadings, and forms and modes of proceeding existing at the time in like causes in the courts of the state within which the District Court is held, section 724, and that the laws of the several states, except where the Constitution, treaties, and statutes of the United States otherwise require or provide, shall be regarded as rules of decision in actions at common law in the court of the United States, section 725, do

not apply and govern the situation here presented. And it may well be so conceded for the practice, pleadings, forms, and modes of proceeding in the courts of the state do not and could not provide the method of suing the United States or of service of process upon it in proceedings in a Federal District Court sitting as a court of claims; for suits against the United States can be maintained only by its consent and in the manner and subject to the restrictions that it may see fit to impose. Reid v. United States, 211 U.S. 529, 538, 29 S.Ct. 171, 53 L.Ed. 313; Kawananakoa v. Polyblank, 205 U.S. 349, 353, 27 S.Ct. 526, 51 L.Ed. 834. The bringing of such a suit is the exercise of a privilege and not of a right, and is subject to such restrictions and conditions as Congress may see fit to impose upon its exercise. Munro v. United States, 2 Cir., 89 F.2d 614, 615.

But, notwithstanding these concessions, it is further contended that, inasmuch as the federal statutes do not specifically state when such a proceeding is begun in a district court, we should determine the question as a matter of general law, guided by the decisions of the courts of the states and of England, and should find and rule that this proceeding was begun on the filing of the petition with the clerk of court.

We think it is a sufficient answer to this contention that this proceeding is against the United States over which the District Court is given special jurisdiction sitting as a court of claims, Reid v. United States, 211 U.S. 529, 538, 29 S.Ct. 171, 53 L.Ed. 313, and not an action or proceeding of a private nature against a corporation or individual over which it is given its ordinary and well understood jurisdiction as a District Court; and that if the statutes conferring such jurisdiction and conditioning the mode and manner of its exercise in terms, or by reasonable implication, impose requirements as to the bringing of such action or proceeding against the United States, those requirements must be complied with, or the District Court is without jurisdiction to entertain the proceeding.

Section 41(20), above quoted, is the section conferring jurisdiction on the District Court over such a proceeding as this and authorizes it to be brought against the United States for the recovery of an internal revenue tax, as the claim exceeds $10,000 and the collector by whom the tax was collected was out of office at the time

724

the proceeding was commenced; and sections 762 and 763 provide by implication, if not in express terms, the mode and manner a suit against the United States under section 41(20) shall be begun, namely, that the plaintiff *shall file* a duly verified petition, setting forth the name and residence of the plaintiff, the nature of his claim and the facts upon which it is based, and *"shall cause* a copy of his petition filed under section 762 *to be served* upon the District Attorney of the United States in the District wherein the suit is brought." Both of these requirements are mandatory and are conditions precedent to the bringing of the proceeding against the United States and to conferring jurisdiction on the District Court under section 41(20); and, as service has not been had within the two years, the action was not seasonably begun.

It is objected that these sections do not state when the petition shall be served. The same is true as to when the petition shall be filed, but the implication from the language employed is that both acts shall be done before the action or proceeding is begun, and we so hold. See Munro v. United States, 2 Cir., 89 F.2d 614, 616; Creasy v. United States, D.C., 4 F.Supp. 175, 179; Spencer v. United States, D.C., Mass., 14 F.Supp. 46. See, also, Walton v. United States, 8 Cir., 73 F.2d 15, where we think the court reached the correct result, but by a wrong course of reasoning; and Bachmann, Emmerich & Co., Inc., v. United States, D.C.S.D.N.Y., June 4, 1935, 21 F. Supp. 682, Prentiss Hall Tax Service, 1935, par. 1479; see also paragraph 1967.

■ It has been suggested that in the Court of Claims a proceeding against the United States is begun by the filing of a petition, U.S.C. title 28, § 262, 28 U.S.C.A. § 262, and, as the proceeding is regarded as begun on the filing of a petition in that court, we should hold that a like proceeding in the District Courts is begun when the petition is filed. It is not for us to determine why Congress did not make the same requirements in both courts as to when a proceeding is begun against the United States, but it did not. It may be suggested, however, that in the Court of Claims the United States is the only party against whom a suit may there be brought and there was no occasion for service of process upon the government, for its representative, the Attorney General, with his assistants, is required to appear in that court and defend all cases there brought, U.S.C. title 28, § 291, 28 U.S. C.A. § 291, while, in the District Courts, the United States is not the only party against whom suits may there be brought and hence Congress required service upon the district attorney as the representative of the government, as well as the filing of the petition in court.

Whether the mailing of a copy of the petition by registered letter to the Attorney General is or is not a condition to the bringing of the proceeding before it can be said that it is begun, it is unnecessary for us to determine, for it appears that no service was had upon the District Attorney within the District prior to the expiration of the two-year period here in question.

The judgment of the District Court is affirmed.

MORTON, Circuit Judge (dissenting).

I am unable to agree, and the question is of such general importance that I will state my views. It seems to me that the filing of the petition in the District Court stopped the running of the statute of limitations if followed up by service of process within a reasonable time. "A suit is commenced by the filing of the petition or bill with the honest intention to prosecute the suit diligently provided there is no detrimental or unreasonable delay in the subsequent issue or service of the process." Mound City Co. v. Castleman, 8 Cir., 187 F. 921, 925. This is the settled rule in England, in the federal courts in this country, and in all the state courts except a few which have peculiar codes.

The present question is whether this general rule, which of course was well understood by Congress, was intended to be changed by the statutes authorizing suits against the United States. Rev.Stat. § 1069, which was originally passed in 1863, was incorporated unchanged into the Judicial Code § 156, 28 U.S.C.A. § 262. It reads: "Every claim against the United States cognizable by the Court of Claims, shall be forever barred unless the petition setting forth a statement thereof is filed in the court, * * * within six years after the claim first accrues." In the act conferring jurisdiction on the District Courts over such claims the language is: "No suit against the Government of the United States shall be allowed under this paragraph unless the same shall have been brought within six years after the right accrued." 28 U.S.C.A. § 41(20).

In the Court of Claims filing the petition has always constituted and still constitutes bringing suit; there is, I understand, no disagreement on this point. So the government's contention resolves itself into this, that a different rule of limitation applies in the District Courts from that which applies to the same cases when brought under the same statute in the Court of Claims, and that the rule which applies to these cases in the District Courts is different from the rule which applies to all other cases in those courts. Very explicit language should be required to lead to such a result. The statutes relied on as having this effect are found in 28 U.S.C.A. §§ 761, 762, and 763. Section 761 provides: "The course of procedure for the district courts and the court of claims in cases under section 41, paragraph 20, [district courts] and section 250 [court of claims] of this title, in so far as applicable and not inconsistent with sections 762 to 765, * * * shall be in accordance with the established rules of said respective courts, and of such additions and modifications thereof as said courts may adopt." This section, it will be observed, explicitly refers to and adopts, with reference to claims against the government, the regular procedure "not inconsistent with sections 762 to 765." We are not here concerned with sections 764 and 765.

Section 762 reads: "The plaintiff in any suit brought under the provisions of section 41, paragraph 20, of this title shall file a petition, duly verified with the clerk of the respective court having jurisdiction of the case, and in the district where the plaintiff resides. Such petition shall set forth the full name and residence of the plaintiff, the nature of his claim, and a succinct statement of the facts upon which the claim is based, the money or any other thing claimed, or the damages sought to be recovered and praying the court for a judgment or decree upon the facts and law." This is a clear and adequate provision for the bringing of suits against the United States, following the same procedure which began as far back as the Act of 1863.

Section 763 reads as follows:

"The plaintiff shall cause a copy of his petition filed under section 762 of this title, to be served upon the district attorney of the United States in the district wherein suit is brought, and shall mail a copy of the same, by registered letter, to the Attorney General of the United States, and shall thereupon cause to be filed with the clerk of the court wherein suit is instituted an affidavit of such service and the mailing of such letter. It shall be the duty of the district attorney upon whom service of petition is made as aforesaid to appear and defend the interests of the Government in the suit, and within sixty days after the service of petition upon him, unless the time should be extended by order of the court made in the case to file a plea, answer, or demurrer on the part of the Government, and to file a notice of any counterclaim, set-off, claim for damages, or other demand or defense whatsoever of the Government in the premises. Should the district attorney neglect or refuse to file the plea, answer, demurrer, or defense, as required, the plaintiff may proceed with the case under such rules as the court may adopt in the premises; but the plaintiff shall not have judgment or decree for his claim, or any part thereof, unless he shall establish the same by proof satisfactory to the court."

It will be observed that this section applies indifferently to District Courts and to the Court of Claims and that it contains not one word making compliance with any of these directions a condition of beginning action. The condition on which my brethren rely in holding that suits in the District Courts are not begun until process is served is found only *"by implication."* It seems to me unsound to read into a statute such an important provision in that way and to hold that this modification applies to one of two cognate courts but not to the other. The provisions of section 763 do not seem to me to be *conditions* at all under which the United States consents to be sued. Those conditions in this class of cases are found in the revenue laws, that there shall be a claim of overpayment, a claim for refund filed and disallowed, etc. The provisions referred to relate to service of process, etc.—a distinctly different thing, having no relation to jurisdiction unless explicitly given such a relation. I believe it to be not uncommon for statutes authorizing suits against a government, state or federal, to contain provisions of this character stating on which official service should be made. It is settled that *"brought"* in section 762 means *filing a petition* if the suit is brought in the Court of Claims. I do not think it means something else if the suit is brought in the District Court which has concurrent jurisdiction under the same statutes.

A number of the cases cited in the government's brief and relied on by the District Judge have nothing to do with tolling the statutes of limitation; they do not seem to me in point.