## THE MARY F. ANDERSON.
## OXNER v. UNITED STATES.

District Court, D. Massachusetts. October 29, 1929.

No. 120.

Foye M. Murphy and Blodgett, Jones, Burnham & Bingham, all of Boston, Mass., for libelant.

Frederick H. Tarr, U. S. Atty., and A. Chesley York, Asst. U. S. Atty., both of Boston, Mass.

LOWELL, District Judge. This libel in admiralty was brought by a citizen of Canada against the United States under the Public Vessels Act (Act March 3, 1925, c. 428, § 5, USCA, title 46, § 785) for damage to his schooner because of a collision with a coast guard vessel of the United States. It was admitted that the collision was due solely to fault on the part of the coast guard vessel. The only question before the court was whether a Canadian citizen should be allowed to sue under the act, which gives this right to any alien in the courts of whose country an American citizen could sue. It is undoubtedly the law that a Canadian citizen may sue the United States in the courts of the United States on a maritime contract. Reid Wrecking Co. v. United States (D. C.) 202 F. 314. The right of such a citizen to sue on a maritime tort has, however, never been decided.

The question was submitted to the court on epistolary evidence from the Canadian government as to the rights of American citizens. The officials of the Canadian government gave it as their opinion that American citizens would be allowed to bring an action for a maritime tort, and cited three decided cases. One of these was similar to the case at bar. It related to damages caused by a collision between a railroad ferry boat operated by the Canadian government and a French trawler. In that case the foreign owner was allowed to recover damages. It is clear to me, after a consideration of the letters submitted to me, that an American citizen would be allowed to sue the Canadian government in the Canadian courts under circumstances similar to those arising in the case at bar. While this right is not sanctioned by any legislative authority, it has been granted in practice. I am therefore of the opinion that the libelant has the right to bring this libel, and, as the United States has admitted liability, a decree may be entered for the libelant.