### WILHELM et al. v. UNITED STATES. WAGGONER et al. v. SAME.
### Nos. 149, 95.

District Court, M. D. North Carolina, Salisbury Division.

March 17, 1937.

J. M. Waggoner, of Salisbury, N. C., for plaintiffs.

Carlisle W. Higgins, U. S. Atty., and Bryce R. Holt, Asst. U. S. Atty., both of Greensboro, N. C.

601

HAYES, District Judge.

The plaintiff filed his petition in accordance with title 28 U.S.C.A. § 762, and partially complied with the provisions of title 28 U.S.C.A. § 763, relating to service by serving a copy of the petition on the United States Attorney and leaving with him a copy to be mailed to the Attorney General of the United States. He did not send the copy by registered mail and file the affidavit with the clerk as required by the section.

The United States Attorney made a general appearance and pleaded to the merits. Thereafter the action was dismissed, on motion of the United States Attorney because it had not been instituted within the time prescribed. In August, 1936, an order was signed by this court reinstating the action upon motion of the plaintiff under the provisions of the Act of Congress approved June 29, 1936 (section 404, title 4, Public Law No. 844, H.R. 12869, 74th Congress, 49 Stat. 2031, 2034, 38 U.S.C.A. § 445d), extending the time for a period of ninety days from the date of approval of the act. The order was made within the ninety days. The government did not except to the order of reinstatement, but thereafter filed a motion to dismiss for defective service of process in that the plaintiff did not mail a copy of the petition to the Attorney General and file the affidavit of service.

The government insists: (1) That the procedure prescribed for bringing the suit must be strictly construed, and that failure to comply with any of said requirements constitutes a fatal defect; and (2) that the agents and attorneys of the government cannot waive the jurisdictional requirements so as to bind and estop the government.

 It is undoubtedly true that the government cannot be sued except upon its consent and upon such terms and conditions as it may prescribe. In war risk insurance cases it prescribes when suits may be brought and requires a denial of the claim as a condition precedent. In these cases all conditions precedent to the bringing of the suit have been complied with and the point presented is related solely to service of process.

The act requires a copy of the petition "to be *served* upon the district attorney of the United States in the district wherein suit is brought, and [the petition-er] shall mail a copy of the same, by registered letter, to the Attorney General of the United States, and shall thereupon cause to be filed with the clerk of the court wherein suit is instituted an affidavit of *such service* and the mailing of such letter. It *shall* be the duty of the district attorney upon whom service of petition is made as aforesaid to appear and defend the interests of the government." 28 U.S. C.A. § 763. When the district attorney enters a general appearance and files an answer after he has been served with a copy of the petition such appearance waives any defect in the service of the process. Since the act requires *service* on him and imposes on him the duty to appear and plead, and nothing is required of the Attorney General, it seems reasonable to assume that the failure to mail a copy of the petition to the Attorney General is a defect of service which can be, and is, waived when the United States Attorney actually appears and pleads to the merits. Defective service is no more jurisdictional than improper venue. Numerous authorities hold that the provision requiring the petition to be filed in the district where plaintiff resides may be waived and will be deemed to have been waived in the absence of specific objection on this ground before pleading to the merits. U. S. v. Hvoslef, 237 U.S. 1, 35 S.Ct. 459, 59 L. Ed. 813, Ann.Cas.1916A, 286; Thames & Mersey Marine Ins. Co. v. U. S., 237 U.S. 19, 35 S.Ct. 496, 59 L.Ed. 821, Ann. Cas.1915D, 1087.

In National Casket Co. v. U. S. (D.C.) 263 F. 246, there was no compliance with the statute at all, and the action was dismissed. In Reid Wrecking Co. v. U. S. (D.C.) 202 F. 314, the district attorney took advantage of defects by special appearance and motion to dismiss.

The government relies on the general rule that suits against the United States can be brought only by its permission and by compliance with the conditions prescribed. U. S. v. Michel, 282 U.S. 656, 51 S. Ct. 284, 75 L.Ed. 598, and Walton v. U. S. (C.C.A.) 73 F.(2d) 15. But an examination of the authorities shows that the procedure referred to is compliance with conditions requisite for jurisdiction as distinguished from service of process. In the latter case it is held that the service of the petition on the United States Attorney is the beginning of the action, for purposes of the limitation provision. Com-

pare Miller v. U. S. (D.C.) 11 F.Supp. 924; Reid Wrecking Co. v. U. S. (D.C.) 202 F. 314.

The language of the act indicates an intention on the part of Congress for *service* of process to be made on the United States Attorney, while a copy is to be mailed to the Attorney General. The statute imposes the duty on the United States Attorney to appear, and plead; nothing is required of, or authorized to be done by, the Attorney General. Proof of mailing a copy would be vital if no answer had been filed by the United States Attorney, but when he appears and files an answer, he is deemed to have waived such defects of service.

The motion to dismiss is denied.