## REID *v.* UNITED STATES.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE SOUTHERN DISTRICT OF NEW YORK.

No. 552.   Argued December 11, 14, 1908.—Decided January 4, 1909.

Suits can be maintained against the sovereign power only by its permission and subject to such restrictions as it sees fit to impose, *Kawananakoa* v. *Polyblank*, 205 U. S. 349, and a statutory change in the ordinary business of the courts will not be held to extend that permission when the general policy as to such suits is maintained. *United States* v. *Dalcour*, 203 U. S. 408.

The act of March 3, 1891, 26 Stat. 826, c. 517, deals with general, and not special, jurisdiction, and nothing in §§ 5, 6, or 14 extended the right of review of judgments of the District Court sitting as a court of claims under the act of March 3, 1887, c. 359, 24 Stat. 505, and a writ of error will not lie to review a judgment in favor of the Government on a claim of less than $3,000.

Courts must take notice of the limits of their jurisdiction, and the Government should not consent to allow a suit against it to proceed if the court has not jurisdiction.

Not decided, the court not having jurisdiction of the appeal, whether an enlisted man can, under the circumstances of this case, be discharged without honor by order of the President without trial by court-martial.

THE facts are stated in the opinion.

*Mr. Chase Mellen,* with whom *Mr. Francis Woodbridge* was on the brief, for plaintiff in error:

The powers to raise, support and govern the army are vested in Congress. Constitution, Art. I, §§ 8, 10; Art. II, §§ 1, 2, 3; Fifth Amendment; U. S. Comp. Stat., 1901, pp. 814, 817; Articles of War (U. S. Rev. Stat., § 1342).

The discharge of the petitioner was intended to be, and was, in fact, a punishment.

A discharge without honor is of doubtful legality. 2 Winthrop on Military Law (2d ed.), 847, 848; Davis on Military Law, 357; O'Brien's American Military Law.

Assuming that the riotous disturbance was participated in by some member of the battalion, the punishment of the innocent was not thereby justified.

The President has no powers except such as are conferred upon him by the Constitution and the laws of Congress enacted thereunder. *Kansas* v. *Colorado,* 206 U. S. 46, 90; *McCulloch* v. *Maryland,* 4 Wheat. 316; *Ex parte Merryman,* Taney's Rep. 246; *The Floyd Acceptances,* 7 Wall. 666; *United States* v. *San Jacinto Tin Co.,* 125 U. S. 273; 3 Elliott's Debates, 58, 59; Bryce's American Commonwealth; Miller on the Constitution, 156; The Federalist, Nos. 67, 69, 74; De Lolme's British Constitution, Book I, chap. 7; 1 Kent's Commentaries, 221, 282; 1 Blackstone's Commentaries, 262, 408–421; *Kneedler* v. *Lane,* 45 Pa. St. 238; Story on the Constitution, § 1197; *Dynes* v. *Hoover,* 20 How. 65.

The President's act in discharging the petitioner without trial was in excess of his powers and in violation of the petitioner's rights. U. S. Comp. Stat., 1901, p. 973; Articles of

War; U. S. Rev. Stat., § 1342; U. S. Comp. Stat., 1901, p. 868; 4 Opinions Attorney General, 1; 4 *Id.*, 603; 6 *Id.*, 4; 12 *Id.*, 421; 15 *Id.*, 421; *Blake* v. *United States*, 103 U. S. 227; *Street* v. *United States*, 133 U. S. 299; *Mullan* v. *United States*, 140 U. S. 240; *Hartigan* v. *United States*, 196 U. S. 169; U. S. Rev. Stat., § 1253; *United States* v. *Kingsley*, 138 U. S. 87; *United States* v. *Barnett*, 189 U. S. 474.

The contention that the President acted according to precedent cannot be maintained; the so-called precedents cited by the Military Secretary have no application whatsoever to the present case. *Thompson* v. *Kentucky*, 209 U. S. 340, 346; *Rathbone* v. *Wirth*, 150 N. Y. 459, 477; *Swaim* v. *United States*, 28 C. Cl. 173, 221.

The President's belief that the good of the service and the maintenance of the morale of the army required that there should be in the army only such troops as he could absolutely rely upon and safely quarter under arms among the people is not a justification in law for the discharge without trial of 167 enlisted men accused of serious crime. *Ex parte Milligan*, 4 Wall. 2.

The President's act in ordering the discharge of the petitioner without trial is tantamount to nullification of the provision of the Constitution which gives Congress the power to raise and support armies. Arbitrary action by any branch of the Government is not favored in American jurisprudence. Constitution of Kentucky; Constitution of Wyoming; *Standard Oil Co.* v. *United States*, Mss.; *United States* v. *Delaware & Hudson Co.*, Mss.; *Ex parte Merryman*, Tancy's Rep. 246; Dicey's Law and Opinion in England, 174, 215.

The petitioner upon enlistment acquired the right to serve out his term of enlistment unless legally discharged and the right not to be punished except for violations of the Articles of War after court-martial. *Slaughter-House Cases*, 16 Wall. 32, 116, 122; U. S. Rev. Stat., § 1118; *In re Grimley*, 137 U. S. 147; Articles of War.

Enlistment in the army of the United States did not deprive

the petitioner of his rights as a citizen. O'Brien's American Military Law, 27, 28, 30, 175; Dicey's Introduction to the Study of the Law of the Constitution (6th ed.), 295, 301; *Ex parte Merryman*, Taney's Rep. 246; *Ex parte Milligan*, 4 Wall. 2; *United States* v. *Clark*, 31 Fed. Rep. 710; Dicey's Law of the Constitution, 305; Mutiny Act, 1 William & Mary, c. 5 of 1689; The Federalist, Nos. 25, 84; Cooley's Constitutional Limitations (7th ed.), 500, 504; *Norman* v. *Heist*, 5 W. & S. 171, 173; *Swaim* v. *United States*, 28 C. Cl. 221.

No citizen of the United States can be deprived of liberty or property without due process of law. *Dartmouth College Case*, 4 Wheat. 518, 581; *Hurtado* v. *California*, 110 U. S. 516; *Holden* v. *Hardy*, 169 U. S. 366; *St. Louis R. Co.* v. *Davis*, 132 Fed. Rep. 633; *Simon* v. *Craft*, 182 U. S. 427; *Wilson* v. *Standefer*, 184 U. S. 399; *Chicago &c. R. Co.* v. *Chicago*, 166 U. S. 226; McGehee, Due Process of Law, 49, 60, 73, 76; *Matter of Jacobs*, 98 N. Y. 98, 106; *Allgeyer* v. *Louisiana*, 165 U. S. 578; *Hovey* v. *Elliott*, 167 U. S. 409; Guthrie, Fourteenth Amendment, 67; *Davidson* v. *New Orleans*, 96 U. S. 97; *Stuart* v. *Palmer*, 74 N. Y. 183; U. S. Comp. Stat., 1901, pp. 801, 814, 855, 912, 913; Rev. Stat., U. S., §§ 1293, 1305–1308; Pollock's Essays in Jurisprudence, 212–221; 1 Holdsworth, History of English Law, 277.

Article 4 of the Articles of War did not authorize the discharge of the petitioner. Penal Code of Texas, Art. 698; *Bartemyer* v. *Iowa*, 18 Wall. 129; *Ex parte Virginia*, 100 U. S. 339, 347.

If the maintenance of discipline or other necessities of the army require that discretion to discharge without trial be given to the Commander-in-Chief or other officers, it is a matter for legislation and such discretion cannot be established by precedent and should not be sanctioned by judicial legislation. Act of February 2, 1901, 31 Stat. 748; Rev. Stat., U. S., §§ 1105, 1158, 1342; Act of June 16, 1890, 26 Stat. 157; Act of October 1, 1890, 26 Stat. 562; Act of February 27, 1890, 26 Stat. 13; Act of February 16, 1897, 29 Stat. 530; Act of May 17,

1886, 24 Stat. 50; Act of February 26, 1901, 31 Stat. 810; Act of March 1, 1875, 18 Stat. 337; *Smith* v. *United States,* 38 C. Cl. 257, 273; *McBlair* v. *United States,* 19 C. Cl. 528, 541.

An enlisted man is not an officer of the Government within the meaning of the act of March 3, 1887, as amended by the act of June 27, 1898. Rev. Stat., U. S., § 1094, superseded by Act of February 2, 1901, 1104, 1108, 1261, 1280; *In re Grimley,* 137 U. S. 147; *United States* v. *Smith,* 124 U. S. 525, 532; *United States* v. *Mouat,* 124 U. S. 303; *United States* v. *Germaine,* 99 U. S. 508; U. S. Comp. Stat., 1901, pp. 549, 753, § 707; *United States* v. *McCrory,* 91 Fed. Rep. 295; *United States* v. *March,* 92 Fed. Rep. 689; *Strong* v. *United States,* 93 Fed. Rep. 257; *McGregor* v. *United States,* 134 Fed. Rep. 187; *United States* v. *Maurice,* 2 Brock, 96; Mechem's Public Offices & Officers, § 6; Articles of War, Art. 2; Rev. Stat., U. S., § 1757.

*The Solicitor General* for defendant in error:

The court is without jurisdiction and the case should be dismissed. This court examines into its own jurisdiction or the jurisdiction of the lower court of its own motion whether the question is raised and discussed by counsel or not. *Great Southern Fire Proof Hotel Co.* v. *Jones,* 177 U. S. 449; *Mansfield &c. Ry. Co.* v. *Swan,* 111 U. S. 379; *Louisville &c. Ry.* v. *Mottley,* 211 U. S. 149.

As to the jurisdiction of this court: The amount involved is $122.26. Under the Court of Claims statutes $3,000 must be involved to enable a claimant to bring a case into this court on appeal from the Court of Claims. § 707, Rev. Stat. The Tucker Act, which re-defines and enlarges the claims jurisdiction, and extends it to the District and Circuit Courts, makes no difference in respect to jurisdiction and the right of appeal between cases in the Court of Claims proper and such cases in the District and Circuit Courts. The statutes governing appeals in such cases in the District and Circuit Courts are the

Court of Claims statutes and not the statutes generally governing appeals and writs of error in the District and Circuit Courts. *United States* v. *Jones,* 131 U. S. 1; *United States* v. *Davis,* 131 U. S. 36.

This case squarely presents the question whether § 14 of the Circuit Court of Appeals Act so far repealed the Tucker Act and the other Court of Claims statutes as to permit a claims case involving less than the jurisdictional amount to be brought to this court on appeal from a District Court when a constitutional question is involved, although such case could not be brought to this court on appeal from the Court of Claims. The Government contends that it was not the intention of Congress by this general repeal provision to disturb the peculiar and special jurisdiction of the District and Circuit Courts sitting as courts of claims.

A similar question was presented in the case of *Dalcour* v. *United States,* 203 U. S. 408, where it was held that although the Circuit Court of Appeals Act was intended to supersede previous general provisions, it did not repeal a special act giving jurisdiction to the Supreme Court of appeals direct from a District Court on a claim of title to public lands. The phrase "unless otherwise provided by law" in § 6 of that act was held in *United States* v. *Dalcour,* 203 U. S. 408, as relating to existing and not future provisions of law, and as saving some although not all existing provisions. Those words were inserted in the statute to guard against implied repeals and that they are to be construed as referring only to laws in force at the time of the passage of the act. *Law Ow Bew* v. *United States,* 144 U. S. 47; and see also *Louisville Public Warehouse Co.* v. *Collector,* 49 Fed. Rep. 561; *United States* v. *Sutton,* 47 Fed. Rep. 129.

As to the jurisdiction of the lower court: The Tucker Act (amendment of June 27, 1898, 30 Stat. 494) provides that the jurisdiction thereby conferred upon the Circuit and District Courts shall not extend to claims for compensation for official services of officers of the United States. A private soldier, although standing in emphatic contrast to an officer *of the army,*

is fairly within the meaning of the term "officer of the United States" as used in the act. The legal definitions of officer include within their scope a private soldier. 2 Bl. Com. 36; *Henly* v. *Mayor of Lyme*, 5 Bing. 91; *United States* v. *Hartwell*, 6 Wall. 385; Mechem's Pub. Offices and Officers, § 1; *United States* v. *Morris*, 2 Brock. 96; *United States* v. *McCrory*, 91 Fed. Rep.. 295; *Ex parte Smith*, 2 Cr. C. C. 693; *United States* v. *Tinklepaugh*, 3 Blatchf. 425; and this construction is in accordance with the legislative intent as shown by the proceedings in Congress, and the necessity of concentrating all suits for statutory compensation for official services in the Court of Claims proper. Report House Judiciary Committee, No. 325, 55th Cong., 2d Sess.

As to the merits: No real constitutional question is involved. The contention that plaintiff's discharge before the expiration of his term of enlistment amounted to depriving him of property without due process of law is untenable. The power to appoint includes the power to remove. Public office or employment creates no vested right, and a soldier's enlistment is not different from any other public service. *Parsons* v. *United States*, 167 U. S. 324; *Blake* v. *United States*, 103 U. S. 227; *Street* v. *United States*, 133 U. S. 299; *Crenshaw* v. *United States*, 134 U. S. 99; *Mullen* v. *United States*, 140 U. S. 169; *United States* v. *Blakeney*, 3 Gratt. 405; *In re Morrissey*, 137 U. S. 157. The President has inherent constitutional authority as Commander-in-Chief summarily to discharge a soldier; the right has been expressly recognized by the Articles of War, and has the sanction of uninterrupted administrative practice; and the power involves an exercise of discretion not reviewable by the courts. *Ex parte Milligan*, 4 Wall. 2; *Legal Tender Case*, 110 U. S. 421; *Swaim* v. *United States*, 165 U. S. 553; Articles of War, 1806, Art. 11, 2 Stat. 359; Hetzel's Mil. Laws U. S. 36; § 1342, Rev. Stat.; *United States* v. *Kingsley*, 138 U. S. 87; Army Regulations of 1821, Art. 71; Act of March 2, 1821, 3 Stat. 615; Army Regulations, 1841, Art. 31; *Id.*, 1857,. Art. 19; *Id.*, 1904, par. 138; *Martin* v. *Mott*, 12 Wheat. 19.

By leave of court the *Judge Advocate General of the Army* filed a brief as *amicus curiæ*.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a suit for $122.26, alleged to be due to the plaintiff in error as an enlisted man in the regular army from November 16, 1906, to July 18, 1907, when his term of service expired. The plaintiff in error was one of the members of Companies B, C and D, of the First Battalion of the Twenty-fifth United States Infantry, who were discharged without honor by order of the President on the former date, without trial, after certain disturbances in Brownsville, Texas, in which the order averred members of those companies to have participated. The petition alleges that the plaintiff in error had no part in the disturbance and no knowledge as to who was concerned in it, and denies the power of the President to make such a discharge. The answer, after certain preliminaries, suggests for a second defense that the District Court has no jurisdiction, by reason of the act of March 3, 1887, c. 359, § 2, 24 Stat. 505, as amended by the act of June 27, 1898, c. 503, § 2, 30 Stat. 494, which provides that the jurisdiction conferred "shall not extend to cases brought to recover fees, salary, or compensation for official services of officers of the United States," etc. For a third defense the answer alleges the investigations that were made, the reported impossibility of identifying the culprits unless the soldiers would take it in hand or turn State's evidence, the President's belief that the crimes under consideration were committed by a considerable group of the members of the regiment and that the greater part of the regiment must know who were the guilty men, and the issuing of the order in consequence, not as a punishment but for the good of the service, and affirms that it was in accordance with precedent. The third defense was demurred to, the demurrer was sustained, the petition was dismissed on the merits and this writ of error was brought.

As the case comes here on the merits and not on a certificate under the act of March 3, 1891, c. 517, § 5, 26 Stat. 826, the first question that we have to consider is the jurisdiction of this court, and on this point, without going further, we must yield to the argument submitted, although not urged, on behalf of the United States. The jurisdiction of the District Court is derived from the act of March 3, 1887, c. 359, § 3, 24 Stat. 505, by which it is made concurrent with that of the Court of Claims when the amount of the claim does not exceed one thousand dollars, and that of the Circuit Court is made concurrent for amounts between one thousand and ten thousand dollars. By § 4, the right of appeal "shall be governed by the law now in force," and by § 9, the plaintiff, or the United States, in any suit brought under the provisions of the act "shall have the same rights of appeal or writ of error as are now reserved in the statutes of the United States in that behalf made." This meant the same right of appeal as was given from the Court of Claims, *United States* v. *Davis*, 131 U. S. 36; so that it hardly admits of doubt that when that statute went into effect an appeal or writ of error under it by a claimant demanding less than three thousand dollars would have been dismissed. Rev. Stat., § 707. See *Strong* v. *United States*, 40 Fed. Rep. 183.

The real question is whether this limitation is done away with or qualified by the act of March 3, 1891, c. 517, §§ 5, 6, and 14, 26 Stat. 826. By § 14 "all acts and parts of acts relating to appeals or writs of error inconsistent with the provisions for review by appeals or writs of error in the preceding sections five and six of this act are hereby repealed." By § 5, writs of error may be taken from the District Courts direct to this court when the jurisdiction of the court is in issue, the question of jurisdiction alone being certified; in which case no other question is open. *United States* v. *Larkin*, 208 U. S. 333, 340. That clause does not apply here. The only other clauses of § 5 that are or could be relied upon are "In any case that involves the construction or application of the Constitution of the United States." "In any case in which the constitutionality

of any law of the United States  .  .  .  is drawn in question."
The latter may be dismissed as having no bearing, although
it was mentioned, so that the possible application of § 5, and
the consequent inference that the former limitations on the
right to come to this court are repealed, so far as this case is
concerned, depend on the suggestion in the petition that by
his discharge the plaintiff was deprived of his property without
due process of law.

We shall not discuss that suggestion, because we are of opin-
ion that in any event the repealing words that we have quoted
do not apply to the special jurisdiction of the District Court
sitting as a Court of Claims.  Suits against the United States
can be maintained, of course, only by permission of the Uni-
ted States, and in the manner and subject to the restrictions
that it may see fit to impose.  *Kawananakoa* v. *Polyblank*, 205
U. S. 349, 353.  It has given a restricted permission, and has
created a pattern jurisdiction in the Court of Claims, with a
limited appeal.  The right to take up cases from that court by
writ of error still is limited as heretofore.  It would not be ex-
pected that a different rule would be laid down for other courts
that for convenience are allowed to take its place, when orig-
inally the rule was the same.  It does not seem to us that
Congress has done so unlikely a thing.  The act of March 3,
1891, c. 517, is dealing with general, not special jurisdiction.
It has been decided in some cases of special jurisdiction that
there is an implied exception to almost equally broad words
in the same act.  *United States* v. *Dalcour*, 203 U. S. 408.  Con-
gress, when its mind was directed to the specific question, de-
termined for all courts what the amount must be before the
grace of the sovereign power would grant more than one hear-
ing.  It has not changed that amount for the usual case.  A
change looking to the ordinary business of the courts should
not be held to embrace that, merely on the strength of words
general enough to include it, when the policy of the repealing
law, and the policy of the law alleged to be repealed, have such
different directions, and when it appears that the general policy

of the latter still is maintained.  The limitation with reference
to amount unquestionably remains in force for the District
Court in cases outside of the act of 1891, § 5, as well as for the
Court of Claims.  In our opinion, the act of 1891, § 5, was not
intended to create exceptions, when no such exceptions exist
for the Court of Claims.

We observe that the plaintiff in error gives a hint at dis-
satisfaction with the Government for raising this point.  But
jurisdiction is not a matter of sympathy or favor.  The courts
are bound to take notice of the limits of their authority, and it is
no part of the defendant's duty to help in obtaining an unau-
thorized judgment by surprise.

*Writ of error dismissed.*