## PELKEY v. UNITED STATES.
### No. 6164.

Court of Appeals of the District of Columbia.
Argued April 9, 1934.

Decided April 30, 1934.

James Conlon, of Washington, D. C., for appellant.

Leslie C. Garnett, U. S. Atty., and John W. Wood, Asst. U. S. Atty., both of Washington, D. C.

Before MARTIN, Chief Justice, and ROBB, VAN ORSDEL, HITZ, and GRONER, Associate Justices.

ROBB, Associate Justice.

Appeal from a judgment in the Supreme Court of the District dismissing appellant's action to recover on a war-risk insurance policy because at the time of the institution of the action (January 16, 1928) a disagreement did not exist between the United States Veterans' Bureau and appellant. In other words, the court found as a matter of law that it was without jurisdiction.

In his declaration appellant alleged that on October 5, 1918, while serving in the Army of the United States he applied for and was granted a war-risk term insurance policy in the sum of $10,000; that subsequent to the issuance of the policy and prior to its lapse for nonpayment of premium (January 25, 1919) he became totally and permanently disabled. The declaration specifically alleged that payment had been demanded and refused. The plea of the United States denied the existence of a disagreement as alleged, and the court, over the objection and exception of appellant, proceeded to hear evidence on that issue.

■ Appellant's first assignment of error is based upon the contention that he was entitled to have a jury try the issue as to whether there had been a disagreement.

Section 19 of the World War Veterans' Act of 1924 (chapter 320, 43 Stat. 607; section 445, tit. 38, U. S. C. [38 USCA § 445 note]), as amended by the Act of March 4, 1925 (chapter 553, § 2, 43 Stat. 1302 [38 USCA § 445]), provides: "In the event of disagreement as to claim under a contract of in-

surance between the bureau and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the Supreme Court of the District of Columbia or in the district court of the United States in and for the district in which such persons or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies. * * *" Section 19 was further amended by the Act of July 3, 1930 (chapter 849, § 4, 46 Stat. 991, 992, 38 USCA § 445), which so far as material provided as follows: "The term 'claim' as used in this section, means any writing which alleges permanent and total disability at a time when the contract of insurance was in force, or which uses words showing an intention to claim insurance benefits and the term 'disagreement' means a denial of the claim by the director or some one acting in his name on an appeal to the director."

While the suit in this case was instituted before the passage of the amendment of 1930, the earlier act should be considered in the light of this amendment, since the amendment reflects the intent of Congress. In the report of the Senate Finance Committee relative to the amendment, it was said that the term "claim" has for its purpose the establishment of a definite rule that before suit is brought a claimant must make a claim for insurance and prosecute his case on appeal through the appellate agencies of the Bureau before he shall have the right to enter suit." Senate Report No. 1128, 2d Sess., 71st Cong.

It is familiar law that the United States through Congress may decide how, when, and where it may be sued, and may open or close its judicial tribunals to claims against it as and when it pleases. Illinois Cent. R. Co. v. Public Utilities Comm., 245 U. S. 493, 504, 38 S. Ct. 170, 62 L. Ed. 425; Reid v. United States, 211 U. S. 529, 538, 29 S. Ct. 171, 53 L. Ed. 313; Price v. United States & Osage Indians, 174 U. S. 373, 376, 19 S. Ct. 765, 43 L. Ed. 1011; Finn v. United States, 123 U. S. 227, 232, 8 S. Ct. 82, 31 L. Ed. 128; United States v. Alberty (C. C. A.) 63 F.(2d) 965. It is undisputed that even prior to the amendment of 1930 the jurisdiction of the court in a war risk insurance case depended upon the existence of a disagreement as to the claim, and we think that that is a question which the court must determine for itself. Gilbert v. David, 235 U. S. 561, 35 S. Ct. 164, 59 L. Ed. 360; Reid v. United States, 211 U. S. 529, 29 S. Ct. 171, 53 L. Ed. 313; In re American Bond & Mortgage Co. (C. C. A.)

61 F.(2d) 875. Therefore the court did not err in hearing evidence on the issue of disagreement.

But the result would have been the same had the court accorded appellant a jury trial on the question of disagreement, because under the evidence it would have been the duty of the court to direct a verdict for the defendant. Appellant testified that in November 1926 he wrote the Veterans' Bureau that he had been totally and permanently disabled from the date of his discharge on January 25, 1919, after a four months' service; that he received a reply to his communication but that he had lost it. He further testified that he had made other demands for war-risk insurance benefits; that in December, 1927, he told General Hines, Director of the Veterans' Bureau, that he was permanently disabled from the date of his discharge and that the general told him he had not become totally disabled while the policy was in force. He later testified that he first applied for compensation in 1928 at Dayton, Ohio; that he did not believe he had ever made a written application for compensation.

Hugh R. Martin, called by appellant, testified that he was stationary fireman at the United States Soldiers' Home in Washington, D. C., and that about February or March 1927, appellant showed him a letter from the Veterans' Bureau regarding insurance; that the letter was signed by William Wolff Smith "as attorney for the council," and stated that a letter had been received from appellant demanding his war-risk insurance and that "they had considered it and found according to the records that he was not totally and permanently disabled." The witness further testified that this incident happened six years prior to the trial (October 1933), and that during that time "he had never given it a thought."

Counsel for the United States then stated that the Veterans' Administration file concerning the plaintiff had been produced before the Commissioner of Veterans' Cases of the Supreme Court of the District, and that after a careful examination counsel had been unable to find in the file a single demand or claim that was made by appellant for insurance benefits or for compensation benefits prior to the time of the institution of this action. The court then questioned counsel for the United States as to the possibility of there being contained in the Veterans' Bureau file of appellant's case any application for the payment of insurance benefits. Counsel stated that there was no application of

that nature in the files. There was introduced in behalf of the United States a letter dated April 23, 1927, signed by appellant and addressed to the Veterans' Bureau office at Burlington, Vermont, which contained the statement: "If I was getting enough I would take my war-time insurance again."

In our view the evidence falls far short of even establishing that appellant ever filed with the Veterans' Bureau any claim, much less that the Bureau acted thereon.

It follows that the judgment must be affirmed.

Affirmed.