### RANDOLPH v. UNITED STATES.
#### Civil Action No. 2112.

District Court, S. D. Texas, Houston Division.

July 24, 1946.

Paul Strong, of Houston, Tex., for plaintiff.

Brian S. Odem, U. S. Atty., and Newton M. Crain, Jr., Asst. U. S. Atty., both of Houston, Tex., for defendant.

KENNERLY, District Judge.

This is a suit by Plaintiff, Nowlin Randolph (for brevity called Plaintiff), against the United States of America (for brevity called Government), under the Tucker Act, Title 28 U.S.C.A. § 41(20), for "retirement pay" as a Lieutenant Colonel in the Army under Section 456, Title 10 U.S.C.A.

Plaintiff alleges that for many years prior to September 12, 1940, he was a member of the Officers Reserve Corps, and with his consent was ordered to active duty on that date, bringing him under the provisions of Section 456. That during his active duty service, he contracted certain diseases which disabled him, and that he has been retired or discharged and relieved of duty and is now a civilian, and is entitled to retirement pay in accordance with Section 456. He says, however, that the War Department has arbitrarily and capriciously delayed, and still delays, decision on the question of his disability, and he prays that the Court will in effect take the matter out of the hands of the War Department, find that he is disabled, award him retirement pay, and render judgment therefor in his favor against the Government. The Government has moved to dismiss, and this is a hearing on briefs and oral argument of such Motion.

1. Plaintiff's Complaint (Amended Complaint filed July 23, 1946) leaves it uncertain whether the War Department medical examinations to ascertain his physical condition are still in progress, or if not, whether they may be resumed. Or whether he has been finally relieved of active duty by the War Department, but "not by reason of physical disability" and no further examination will be made.

Plaintiff claims in his Complaint that he has not been granted retirement pay, but it is not made clear whether the matter is still pending before the War Department, or whether the order relieving him from active duty but "not by reason of physical disability" means that his claim for retirement pay has been denied.

If it has been denied, then this Court has no jurisdiction to review the order denying it. If it has not been denied, but decision delayed, Plaintiff in his Complaint does not state a case which gives this Court jurisdiction to make the decision. Apparently Plaintiff has never complained to the War Department, has never been before or insisted on going before a Retirement Board of the Army, or if he has, he has not asked for a review of its decision or of failure to decide as provided by Section 693 (i). Title 38 U.S.C.A. Clearly he is not entitled to relief in the Courts. Silberschein v. United States, 266 U.S. 221, 45 S. Ct. 69, 69 L.Ed. 256. Morgan v. United States, 5 Cir., 115 F.2d 426, 5 Cir., 115 F.2d 427. Denby v. Berry, 236 U.S. 29, 44 S.Ct. 74, 68 L.Ed. 148.

2. The Government, in its Motion to Dismiss, insists that Plaintiff, claiming as he does under Section 456, Title 10 U.S.C.A. is not within the coverage of the Tucker Act.

United States v. Beaman, 5 Cir., 61 F.2d 493, was a somewhat similar case. There Beaman sued under the Tucker Act for pay under the Officers Retirement Act of May 24, 1928, 38 U.S.C.A. §§ 581 and 582. It is there said [61 F.2d 494]:

"The United States can be sued only by permission clearly given by act of Congress. Eastern Transportation Co. v. United States, 272 U.S. 675, 686, 47 S.Ct. 289, 71 L.Ed. 472; Reid v. United States, 211 U.S. 529, 29 S.Ct. 171, 53 L.Ed. 313. The United States has consented to be sued in specific cases, for instances, those provided for in 28 U.S.C.A. § 41 (20), and in section 13 of the War Risk Insurance Act, as amended May 20, 1918, 40 Stat. 555. United States v. Napoleon [5 Cir.], 296 F. 811. Nothing in the act under the provisions of which ap-

pellee claimed he was entitled to the amount sued for indicates an intention to give a beneficiary of that act a right to sue the United States, whether the failure to pay the amount claimed was or was not due to wrongful official action. So far as we are advised, Congress has enacted no statute which purports to authorize such a suit against the United States as the instant one, in which a money judgment against the United States alone was sought. This being so, it is not necessary to pass on the suggestion that the claim asserted is in fact a pension, being for an amount allowed to a person retired from government service on account of age or other disability, and comes within an express exclusion stated in an above referred to statute. 28 U.S.C.A. § 41 (20)."

But Plaintiff strongly relies on the later cases of Dismuke v. United States, 297 U.S. 167, 56 S.Ct. 400, 80 L.Ed. 561, (Id., 5 Cir., 76 F.2d 715), and Stark v. Wickard, 321 U.S. 288, 309, 64 S.Ct. 559, 88 L.Ed. 733. I find nothing in the Dismuke case, nor in Stark v. Wickard, that is necessarily in conflict with the Beaman case. As in the Beaman case, there is nothing in the Act which is the basis of Plaintiff's claim here (Section 456, Title 10 U.S.C.A.) to indicate an intention on the part of the Congress to give the Courts jurisdiction of a claim such as Plaintiff is asserting. See also Morgan v. United States, supra.

■ I think Plaintiff's claim is one that is excepted from the Tucker Act by this wording (italics mine) from Section 41 (20):

"Nothing in this paragraph shall be construed as giving to either the district courts or the Court of Claims jurisdiction * * * to hear and determine claims for pensions; or as giving to the district courts jurisdiction of cases brought to recover *fees, salary, or compensation* for *official services of officers of the United States or brought for such purpose by persons claiming as such officers or as assignees or legal representatives thereof,*" etc.

I think Plaintiff's claim is either for a pension, fees, salary, or compensation for official services of an officer within the meaning of such Act. Smith v. United States, 4 Cir., 57 F.2d 998, and cases there cited; Morgan v. United States, supra. In the Dismuke case, the suit was by Dismuke under the Tucker Act for annuities under the Civil Service Retirement Act of June 16, 1933, 5 U.S.C.A. 692d, and the Supreme Court was particular to point out that the suit was not for a pension nor for fees, salary, or compensation for services of an officer of the United States, but for annuities created in part by contributions from the wages of an employee and which are not mere gratuities.

Plaintiff says that under the provisions of Section 372, Title 10 U.S.C.A., he is excluded from Section 41 (20). I think his position in this respect is without merit.

It follows that Plaintiff's suit should be dismissed.

Let appropriate Order be drawn and presented.