Leonard G. GLASSPOOL and Carole A.
Glasspool, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

Civ. A. No. 2173.

United States District Court
D. Delaware.

Jan. 6, 1961.

Harrison F. Turner, Dover, Del., for plaintiffs.

Leonard G. Hagner, U. S. Atty., Wilmington, Del., for defendant.

RODNEY, Senior District Judge.

This is an action sounding in tort brought against the United States pursuant to the Federal Tort Claims Act, 28 U.S.C. § 1346(b). The complaint seeks recovery of a very large sum and a jury trial is demanded. The United States has moved to strike the demand for jury trial, basing said motion on 28 U.S.C. § 2402, which so far as material provides:

"Any action against the United States under section 1346 * * * shall be tried by the court without a jury * * *".

Plaintiff by an interesting argument draws a distinction between actions "ex contractu" against the Government and triable under the Tucker Act, either by the Court of Claims or under the con-

current jurisdiction by the District Court on the one hand, and on the other hand, actions ex delicto against the Government under the Federal Tort Claims Act and triable exclusively by the District Court.

Plaintiff thus draws a distinction between the character of the Court of Claims, to which jurisdiction of actions ex contractu was first given, as a legislative court, and the character of a District Court as a constitutional court under Article 3 of the Federal Constitution. Plaintiff concedes that in so far as a legislative court is concerned Congress could confer jurisdiction with the provision dispensing with a jury trial. As to a constitutional court such as the District Court, plaintiff contends that a jury trial cannot be denied by reason of the Seventh Amendment of the Constitution providing that:

"In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved. * * * "

Plaintiff contends that 28 U.S.C. § 2402 in so far as it deprives the plaintiff of a jury trial in the District Court is unconstitutional.

The statutory language of Section 2402 was a new provision in the law of June 25, 1948, 62 Stat. 971. The reviser's notes state that the section consolidated the non-jury provisions of Section 41(20) of 28 U.S.C.Edition of 1940 (applicable to actions ex contractu cognizable in a legislative court) and the provisions of the Act of August 2, 1946, 60 Stat. 843,[1] (applicable to actions ex delicto cognizable solely in a District Court).

Congress, from the formation of the Government, had recognized that injuries to private persons caused by the negligence of Governmental agents should be investigated and compensated. This compensation was accomplished by private Acts of Congress, and at successive sessions of Congress a great many such private Acts were presented.[2]

The Federal Tort Claims Act of August 2, 1946[3] was at the same time both an acknowledgment of the justice of the right to make a claim against the Government for injuries caused by the negligence of a Governmental agent and the establishment of a forum to determine such claims. It was the substitution of action in the District Courts for the onerous and unsatisfactory action of Congress by private bills for relief.

The Federal Tort Claims Act by Section 410(a) of the original Act vested exclusive jurisdiction of tort claims against the Government in the U. S. District Court "sitting without a jury". Since 28 U.S.C. § 2402 is a general provision denying a jury trial in cases brought under 28 U.S.C. § 1346, and since in some cases brought under that section the denial of a jury trial is unexceptionable,[4] the contention of plaintiff is in reality directed to the denial of a jury trial under the original Tort Claims Act, found in 60 Stat. 843. Further consideration will be confined to actions of tort cognizable exclusively in a District Court. This consideration will necessarily include questions of sovereign immunity from suit and the waiver thereof.

 It seems unnecessary to review or to trace the origin or existence of sovereign immunity. This has been ably done by Judge Yankwich and found in 9 F.R.D. 143. It is sufficient to state that the immunity of the United States from suit except insofar as it has waived such

---

1. First appearing in U.S.C. as Section 931 (a) of the Edition of 1946, Title 28.

2. It may not be without some historical interest to point out that the very first private Act of Congress in payment of a tort claim against the Government was the Act of April 13, 1792 (6 Stat. 8). This private Act involved property in Wilmington, Delaware within a few blocks·from the place where the present Court now sits and represented damages caused by Continental Troops during the Revolutionary War.

3. 60 Stat. 843.

4. As for actions ex contractu in the Court of Claims, United States v. Sherwood, 312 U.S. 584, 61 S.Ct. 767, 85 L.Ed. 1058.

immunity is of universal acceptation, and as to this there is no dispute.

■■ It is also true that all the cases and all the authorities agree that where a sovereign waives its immunity from suit it may attach thereto any limitation or condition that it chooses to attach. Even though prompted by considerations of justice or equity, yet the waiver of immunity is a matter of grace rather than of compulsion, and rights accrued under the waiver are matters of grace rather than of right. So in Reid v. United States, 211 U.S. 529, 538, 29 S. Ct. 171, 172, 53 L.Ed. 313, it is said:

"Suits against the United States can be maintained, of course, only by permission of the United States, and in the manner and subject to the restrictions that it may see fit to impose."

■ So the sovereign may require that recourse be had in a certain court and within a certain limitation of time and for a limited class of actions and for a specified amount. The sovereign may provide a legal remedy or an administrative remedy or give an option of remedy to the injured person.[5] When a party claiming an injury exercises a right arising from a waiver of immunity, he takes it "cum onere" with the limitation prescribed.

■ The basic and underlying difficulty in the contention of plaintiff leads back to the classic distribution of powers among the Executive, Legislative and Judicial Departments in the Federal Constitution. Plaintiff must contend that the powers vested in the District Court as a constitutional court by Article 3 Section 2 of the Constitution embraces "controversies to which the United States shall be a party" and means that the District Court has a constitutional jurisdiction over suits against the United States. This is not correct, and in Williams v. United States, 289 U.S. 553, 577, 53 S.Ct. 751, 77 L.Ed. 1372, the Court held the constitutional provision only referred to controversies in which the United States was a plaintiff and not those in which the United States was the defendant. The Court in the cited case held on page 580 of 289 U.S., on page 760 of 53 S.Ct.:

"* * * since Congress, whenever it thinks proper, undoubtedly may, without infringing the Constitution, confer upon an executive officer or administrative board, or an existing or specially constituted court, or retain for itself, the power to hear and determine controversies respecting claims against the United States, it follows indubitably that such power, in whatever guise or by whatever agency exercised, is no part of the judicial power vested in the constitutional courts by the third article."

While the inferior federal courts are constitutional courts in the sense that they are provided for in the Constitution which is the primary source of jurisdiction, yet jurisdiction of the inferior courts is not spelled out in the Constitution but is conferred through the medium of acts of Congress, and is conferred with such limitation and exception as Congress shall prescribe when creating the courts and defining their authority.

Jurisdiction of a District Court as to tort claims against the United States did not exist prior to the passage of the Federal Tort Claims Act. Under that Act the jurisdiction is limited to a trial by the Court without a jury. The District Court has no authority or jurisdiction to empanel a jury for such causes.

Jurisdiction given to the District Court by the Federal Tort Claims Act was not a jurisdictional grant under Article 3 of the Constitution but a method adopted by Congress under Article 1 to pay the debts of the United States. In Williams v. United States, 289 U.S. 553, 569, 53 S.Ct. 751, 756, 77 L.Ed. 1372, it is said that the right to examine and determine claims for money against the United

5. Tutun v. United States, 270 U.S. 568, 576, 46 S.Ct. 425, 70 L.Ed. 738.

States "is a function which belongs primarily to Congress as an incident of its power to pay the debts of the United States. But the function is one which Congress has a discretion either to exercise directly or to delegate to other agencies."

Just as Congress had vested in the Court of Claims jurisdiction in actions ex contractu, so Congress could have vested in the Court of Claims or in any other agency, jurisdiction in actions sounding in tort for the negligence of a governmental agent. Congress could also repeal this grant of jurisdiction and resume its immunity from suit at any time prior to judgment.[6]

Equally unavailable to the present plaintiff is the argument in the present discussion as to the application of the 7th Amendment of the Constitution.

■ The 7th Amendment provides for the preservation of a jury trial in "suits at common law". In Dimick v. Schiedt, 293 U.S. 474, 476, 55 S.Ct. 296, 297, 79 L.Ed. 603, it is said:

"In order to ascertain the scope and meaning of the Seventh Amendment, resort must be had to the appropriate rules of the common law established at the time of the adoption of that constitutional provision in 1791."

and the Amendment relating to trial by jury is applicable only to the rights and remedies generally known and enforced at common law by jury trial.[7] At common law there is no right of action against a sovereign enforceable by a jury trial or otherwise. The 7th Amendment simply preserves the rights as existing at common law but does not create rights where none existed. In United States v. Green, 9 Cir., 107 F.2d 19, 21, it is said:

" * * * since the Government can be sued only upon such terms as it prescribes, it is essential to the right in cases against the Govern-

ment that the statute upon which suit is founded provide for a jury."
The Federal Tort Claims Act goes further. It not only does not provide for a jury trial but absolutely forbids it.

■ Summarizing, therefore, the motion of the Government to strike the demand for a jury trial must be granted on two grounds. The jurisdiction of the District Court does not permit a jury trial in actions under the Federal Tort Claims Act and the Seventh Amendment to the Constitution has no relevancy to actions such as the present.

An appropriate order may be submitted.

---

6. Cummings v. Deutsche Bank, 300 U.S. 115, 122, 57 S.Ct. 359, 81 L.Ed. 545; Lynch v. United States, 292 U.S. 571, 580, 54 S.Ct. 840, 78 L.Ed. 1434.

7. Agwilines, Inc. v. National Labor Relations Board, 5 Cir., 87 F.2d 146, 150; Fitzpatrick v. Sun Life Assur. Co. of Canada, D.C., 1 F.R.D. 713.