**Lois L. GOODRICH, formerly Lois L. Morgan, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. A. No. 1712.**

United States District Court
W. D. Arkansas,
Fort Smith Division.

July 22, 1963.

Garner, Shaw & Kimbrough, Ft. Smith, Ark., for plaintiff.

Charles M. Conway, U. S. Atty., Robert E. Johnson, Asst. U. S. Atty., Ft. Smith, Ark., for defendant.

JOHN E. MILLER, Chief Judge.

The complaint was filed herein on March 25, 1963. On May 27, 1963, the defendant filed what it has designated as "Motion for Summary Judgment," pursuant to Rules 12(b) and 56(b), Fed. R.Civ.P., and upon the affidavit attached to the motion and upon the prior litigation of the parties in this court and division, being Civil Actions Nos. 761 and 986, and "moves that the complaint be dismissed on the following grounds:

"1. The complaint fails to state a claim upon which relief can be granted.

"2. This court has no jurisdiction over the subject matter.

"3. This court has no jurisdiction over the defendant as consent to be sued has not been complied with."

On July 17, 1963, the plaintiff filed a response to the motion of defendant, in which she alleged that her complaint states "particular allegations and facts upon which a claim for relief is predicated and can be granted, same being apparent from the face thereof.

"II.

"That this court has jurisdiction of the subject matter granted specifically by federal statute.

"III.

"That this court has jurisdiction over the defendant, actual consent being unnecessary but other procedural requirements having been met."

On July 18, 1963, the defendant filed a reply to the plaintiff's response to its motion, and attached to the reply a photographic reproduction of the decision of the Board of Veterans Appeals dated May 26, 1950, and which was referred to in an affidavit in support of the original motion. Also, copy of the decision of the Board of Veterans Appeals dated March 26 1962, which was referred to in paragraph 1b. of the affidavit in support of the original motion was attached.

The documents, including the record in Civil Nos. 761 and 986 in this court, disclose no actual bona fide dispute as to any material fact relative to the jurisdiction of this court. Rule 12(c), Fed.R. Civ.P., provides that after the pleadings are closed, but within such time as not to delay the trial, any party may move for judgment on the pleadings. If, on a motion for judgment on the pleadings, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

As heretofore stated, the motion for judgment was filed on May 27, 1963, and was served upon the attorneys for the plaintiff on the same date. On May 28, 1963, the date following the filing of the motion, the writer addressed a letter to the attorneys for the plaintiff and to the United States Attorney, in which the attorneys for the plaintiff were advised that the defendant had submitted a brief in support of the motion, which brief was also served on the said attorneys at the time the copy of the motion was mailed to them, and following that statement the court said:

"Apparently the issues raised by the motion for summary judgment are serious, and if the attorneys for plaintiff desire to submit memorandum in opposition to the motion, I shall appreciate it if you will do that within the time set forth in Local Rule 8."

Local Rule 8(c) provides:

"Any party opposing a motion shall serve and file within ten days from date copies of the motion and supporting papers have been served upon him a brief statement in opposition to the motion and citations of the authorities upon which he relies. If the motion requires consideration of facts not appearing of record, he may serve and file copies of all photographs or documentary evidence deemed necessary in opposition to the motion in addition to affidavits required or permitted by the Federal Rules of Civil Procedure."

On May 30, 1963, one of the attorneys for plaintiff telephoned the writer and requested additional time in which to respond to the motion on account of his service in the Naval Reserves. Time was granted and finally on July 17, 1963, the plaintiff's attorneys filed the response to defendants motion, hereinbefore referred to, together with a brief in support of the response.

■ The court has examined with care the briefs of the parties in support of their respective contentions, along with the pleadings, the affidavit, the record of the two former actions in this court, and the documents filed by the defendant, and is of the opinion that there is no genuine issue as to any material fact and that the defendant is entitled to a judgment as a matter of law. In reaching this conclusion, the court is not unmindful that the burden is upon the movant to establish the complete absence of any genuine issue of fact and that all doubts as to whether there exists a genuine issue of fact should be resolved against the movant.

James A. Morgan served in the armed forces from August 16, 1943, to January 6, 1946, when he was honorably discharged by reason of demobilization. On September 7, 1943, a policy of National Service Life Insurance in the principal sum of $10,000.00 was issued to him.

The premiums were paid to February 7, 1946, when the plaintiff alleges "because of circumstances beyond the control of decedent or this plaintiff, said premium payments were allowed to temporarily lapse pending application for waiver of same as hereinafter stated."

In paragraph IV of her complaint plaintiff alleged:

"That the decedent, James A. Morgan, during his military service but prior to February 7, 1946, while said insurance policy before men-

tioned was in full force and effect under premium paying conditions, became totally disabled and remained so totally disabled until his death on September 9, 1947. That in truth and in fact said decedent became so totally disabled and was totally disabled prior to his discharge from the service on January 6, 1946, and at all times thereafter entitling him or those claiming in his behalf to a waiver of premium payments for such period under the aforementioned policy."

It will be noted that the insured died September 9, 1947, being one year, seven months, and two days subsequent to date of the lapse of the policy for nonpayment of premiums. In her brief the plaintiff states:

"* * * the plaintiff alleges and the same has not been questioned by motion to make more definite and certain or questioned upon its generality and therefore the allegations stand, subject to proof or disproof, that the plaintiff had timely made claim for benefits, that unavoidable casualty and other circumstances beyond the control of the plaintiff and the plaintiff's deceased veteran husband and other legal disability as well as the times during which the claims were being processed by the administrative agency of the Veterans Administration, previous litigation, and activities in behalf of this plaintiff by others acting in her instance did suspend the running of the Statute of Limitations in this case against this plaintiff's cause of action and her rights thereby and thereunder. * * *"

On March 31, 1948, the plaintiff filed in this court Civil Action No. 761 against the defendant, in which she alleged that when the policy of insurance was issued on September 7, 1943, the insured designated his mother as principal beneficiary and his father as contingent beneficiary, but effective July 8, 1947, he changed the beneficiary and designated his wife, the plaintiff, as principal beneficiary and his mother as contingent beneficiary. She further alleged that the insured died on September 9, 1947, while the policy was in full force and effect; that she had complied with all administrative requirements and that on December 3, 1947, the Director, Claims Service, Life Insurance Claims Division, Veterans Administration, notified her that her claim was disallowed; and that there existed a disagreement between her and the Administrator of the Veterans Administration. She prayed for judgment against defendant "establishing her right to receive the benefits due her under said policy for such interests and costs as may be payable," etc.

On June 28, 1948, answer was filed in said Civil No. 761, in which the defendant alleged that the plaintiff filed a claim for insurance benefits on September 10, 1947, and a claim for waiver of premiums on December 22, 1947, which claim was pending and had not been denied at the time the suit was filed on March 31, 1948. Upon the filing of the answer the parties stipulated that her claim for National Service Life Insurance was delivered to the Veterans Administration Contact Unit at Fort Smith, Arkansas, on September 10, 1947; that on November 20, 1947, the Director of the Claims Service wrote and caused to be sent to the plaintiff a letter, in which, inter alia, he stated:

"The veteran allowed the National Service Life Insurance above described to lapse for nonpayment of premiums on February 7, 1946. He executed Form 9–353a, Application for Reinstatement (nonmedical), and forwarded this form which was received in the Veterans Administration on July 8, 1947, along with a remittance in the amount of $12.80. This application for reinstatement has been rejected for the reason that there was evidence of total disability when the reinstatement application was submitted. Your claim is, therefore, disallowed.

"If there is evidence available to you which in your opinion would

warrant a different decision, such evidence should be immediately submitted to this office for reconsideration of your claim. If you have no further evidence to submit, but have substantial reason to believe that the decision is not in accordance with the law and the facts in your case, you may appeal to the Administrator of Veterans Affairs at any time within one year from the date of this letter, or file a suit in the appropriate United States District Court in the jurisdiction in which you reside. In the event you feel that appellate consideration is justifiable, further correspondence relating to the matter should be addressed to this office.

"If, in your opinion, the insured was totally disabled from February 7, 1946, you may execute and return the enclosed Form 9–357, in order that it may be administratively determined whether insurance benefits may be payable in this case.

"Total disability as referred to herein is any impairment of mind or body which continuously renders it impossible for the insured to follow any substantially gainful occupation. The law requires that a claim for waiver of premiums in cases such as this must be filed with the Veterans Administration not later than one year from the date of death of the veteran, which final date for filing claim in this case is September 8, 1948."

It was also stipulated that the plaintiff later filed a "Statement of Claim for Waiver of Premiums or Continuation of Waiver of Premiums," executed by her, and forwarded the same to the Veterans Administration Branch Office No. 9, St. Louis, Mo., on December 22, 1947; and that plaintiff had not been notified at the time the suit was filed of any action taken on the claim for waiver of premiums.

On the filing of such stipulation the court on August 24, 1948, entered an order dismissing the case for lack of jurisdiction.

On December 6, 1951, the plaintiff filed another suit, Civil No. 986, in this court against the defendant, and in her complaint alleged:

"4. James A. Morgan, during his military service, but prior to February 7, 1946, while said insurance policy was in force under premium paying conditions, became totally disabled and remained totally disabled until his death on September 9, 1947.

"5. After the death of James A. Morgan, the plaintiff, Lois Lucille Morgan, duly filed on December 2 [16], 1947, a claim for waiver of premiums on said policy of insurance and on September 14, 1948, duly filed a second claim for waiver of premiums covering the period February 7, 1946, to September 9, 1947, which claims for waiver of premiums were denied.

"6. Plaintiff has exhausted her administrative remedies, her claim on said policy of insurance having been denied by the Board of Veterans Appeals, Veterans Administration, on May 26, 1950, (MORGAN, James A. XC 12–794–508, Docket No. 48–249). By virtue of such denial, there is a 'disagreement' as to plaintiff's claim under Title 38, Section 445, U.S.C.A. The defendant, United States of America, has wholly failed and refused to honor said policy and plaintiff has been compelled and obliged to employ and engage the service of attorneys to prosecute this cause of action."

On February 6, 1952, the defendant filed its motion to dismiss or for summary judgment "for failure to state a claim upon which relief can be granted or, in the alternative, that the United States of America have summary judgment against the plaintiff in this cause."

Upon the filing of the motion and the service of a brief in support thereof, the then attorney for plaintiff filed a motion for leave to amend, and for grounds stated:

"1. On February 6, 1952, the United States Attorney for the Western District of Arkansas filed a motion to dismiss the complaint filed herein for the reason, among other things, that the plaintiff in her complaint did not allege that the failure of the insured to file an application for waiver of premiums within the time provided for in 28 [38] U.S.C.A. 802(n) was due to circumstances beyond the control of the insured.

"2. Paragraph 5 of the complaint states that, 'after the death of James A. Morgan, the plaintiff, Lois Lucille Morgan, duly filed on December 2, 1947, a claim for waiver of premiums * * *.'

"3. Before the allegation 'duly filed' would be proved, there would need to be a showing by the plaintiff that the failure of the insured to file an application for waiver of premiums within the time provided for in 38 U.S.C.A. 802(n) was due to circumstances beyond the control of the insured.

"WHEREFORE, in order to make more definite and certain this pleading in the complaint, and in order to remedy the alleged defect in said pleading, plaintiff respectfully moves for leave to file an Amended Complaint, a copy of the proposed Amended Complaint being attached hereto and made a part hereof."

The court granted the motion of plaintiff and denied the motion of defendant for summary judgment.

A copy of the proposed amendment to the complaint was filed the same day, and after adopting all the allegations contained in the original complaint, amended the fifth paragraph thereof by adding to the end of said paragraph the following:

"The plaintiff further states that the failure of the insured, James A. Morgan, to make application for waiver of premiums within the time as provided for in 38 U.S.C.A. 802 (n), was due to circumstances beyond his control."

On February 19, 1952, answer to the amendment was filed, in which the defendant denied that the failure of the insured, James A. Morgan, to make application for waiver of premiums within the time provided for in 38 U.S.C. § 802 (n) [1] was due to circumstances beyond his control, and it is stated that the claim for waiver of premiums allegedly filed on December 2, 1947, was actually filed December 22, 1947.

The case remained in that status until May 15, 1952, when the attorneys for the plaintiff filed a motion to dismiss, in which, inter alia, they stated:

"3. That since the filing of the pleadings herein there have been rendered certain decisions by courts of the United States making it necessary that the complaint as amended be voluntarily dismissed.

"4. That Title 38, Section 445, U.S.C.A., under which this action was brought, gives the plaintiff six years after the right accrued in which to file her action, which in this instance, will not expire until September 9, 1953, which is six years after the death of the insured, James A. Morgan."

The court granted the motion, and on May 19, 1952, entered an order dismissing the complaint without prejudice.

As heretofore stated, the plaintiff contends that she had made timely claim for benefits and that unavoidable casualty and other circumstances beyond the control of herself and her deceased husband, the time during which the claims were being processed, previous litigation

1. See 38 U.S.C.A. § 712.

and activities in behalf of this plaintiff by others acting in her instance, "did suspend the running of the Statute of Limitations in this case against this plaintiff's cause of action and her rights thereby and thereunder."

It will be remembered that in Civil Action No. 986, the plaintiff in paragraph 6 of her complaint alleged that she had exhausted her administrative remedies, and that her claim for benefits on the policy had been denied on May 26, 1950, and that by virtue of such denial there was a disagreement between her and the defendant.

On May 26, 1950, the Board of Veterans Appeals considered the plaintiff's claim for waiver of insurance premiums in the proceeding set forth and described in the complaint in Civil Action No. 986, heretofore referred to. In disposing of the question, the Board of Veterans Appeals said:

"The evidence establishes that when the veteran was discharged from service, no significant abnormalities were noted. Although evidence has been submitted indicating that the veteran may have been suffering from a disability following his discharge from service, it is not shown that prior to September 26, 1946 the disability was of such severity as to continuously preclude him from following any substantially gainful occupation. It is the determination of this Board that total disability for insurance purposes was not demonstrated continuously from a time the insurance was in force under premium paying conditions to the date of his death. The insurance lapsed for nonpayment of the premium due February 7, 1946. The application for waiver was not timely filed. An extension of time for filing has not been granted. Entitlement to waiver of premiums in this case is not established."

On March 26, 1962, the Board of Veterans Appeals under claim No. XC 12 784 508, docket No. 582485, stated the issues then before it, as follows:

"It is contended that the veteran, at time of discharge from service, was unable to follow any gainful occupation on account of total disability from a severely disabling stomach condition and was continuously totally disabled from before the lapse of his National Service Life Insurance until his death and that premiums should be waived on the policy and the insurance awarded to the appellant, the married widow of the veteran."

After discussing and evaluating the evidence, the Board of Veterans Appeals made findings of fact and conclusions of law. In conclusion No. 7 the Board stated:

"The policy of National Service Life Insurance issued to the veteran during service was not in force and effect at the time of his death."

In the portion of the record designated "Decision," the Board stated:

"There is no entitlement to waiver of premiums in this case. The decision of May 26, 1950, constituted final administrative denial of this claim for National Service Life Insurance benefits and the present appeal is dismissed."

Thus, the record conclusively establishes that the last claim made by plaintiff was finally disposed of on May 26, 1950. However, it seems that the American Legion several years later requested the Board of Veterans Appeals to review its findings and decision of May 26, 1950, and, as above stated, the appeal was disposed of on March 26, 1962. In disposing of the appeal, the Board of Veterans Appeals correctly held that the decision of May 26, 1950, constituted final administrative denial of the claim of plaintiff. The present suit was commenced March 25, 1963, 12 years, 9 months, and 29 days subsequent to the final disallowance of the claim.

Title 38, U.S.C. § 784, provides:

"(a) In the event of disagreement as to claim, including claim for refund of premiums, under contract of National Service Life Insurance, United States Government life insurance, or yearly renewable term insurance between the Veterans' Administration and any person or persons claiming thereunder an action on the claim may be brought against the United States either in the United States District Court for the District of Columbia or in the district court of the United States in and for the district in which such person or any one of them resides, and jurisdiction is conferred upon such courts to hear and determine all such controversies.

\* \* \*

"(b) No suit on yearly renewable term insurance, United States Government life insurance, or National Service Life Insurance shall be allowed under this section unless the same shall have been brought within six years after the right accrued for which the claim is made. For the purposes of this section it shall be deemed that the right accrued on the happening of the contingency on which the claim is founded. The limitation of six years is suspended for the period elapsing between the filing in the Veterans' Administration of the claim sued upon and the denial of said claim: Provided, That in any case in which a claim is timely filed the claimant shall have not less than ninety days from the date of mailing of notice of denial within which to file suit. After June 28, 1936, notice of denial of the claim under a contract of insurance shall be by registered mail directed to the claimant's last address of record. Infants, insane persons, or persons under other legal disability, or persons rates as incompetent or insane by the Veterans' Administration shall have three years in which to bring suit after the removal of their disabilities. If suit is seasonably begun and fails for defect in process, or for other reasons not affecting the merits, a new action, if one lies, may be brought within a year though the period of limitation has elapsed. No State or other statute of limitations shall be applicable to suits filed under this section.

\* \* \* \* \* \*

"(h) The term 'claim' as used in this section means any writing which uses words showing an intention to claim insurance benefits; and the term 'disagreement' means a denial of the claim, after consideration on its merits, by the Administrator or any employee or organizational unit of the Veterans' Administration heretofore or hereafter designated therefor by the Administrator."

In Munro v. United States, (1938) 303 U.S. 36, 58 S.Ct. 421, 82 L.Ed. 633, the court had under consideration the Act of July 3, 1930, 46 Stat. 992, the provisions of which were codified as 38 U.S.C. § 784. In the case the respondent had moved for a dismissal because the action was not brought within the time prescribed by the Act of July 3, 1930. In disposing of the case the court at page 41 of 303 U.S., at page 423 of 58 S.Ct. said:

"Suits against the United States can be maintained only by permission, in the manner prescribed and subject to the restrictions imposed. Reid v. United States, 211 U.S. 529, 538 [29 S.Ct. 171, 53 L.Ed. 313]. The Conformity Act cannot be relied upon to change any of these.

"The District Attorney had no power to waive conditions or limitations imposed by statute in respect of suits against the United States. Finn v. United States, 123 U.S. 227, 233 [8 S.Ct. 82, 31 L.Ed. 128]. Judgment against them is not permissible if first sought after expiration of the time allowed."

In Roskos v. United States, (3 Cir. 1942) 130 F.2d 751, the court at page 753 said:

"The appellant argues that the government is estopped from pleading the statute of limitations because the Veterans' Administration received her claim and called for proofs in support thereof. This contention is untenable. It is well settled that, while the Veterans' Administration has authority to, and does, consider claims upon which the right to sue has been lost by lapse of time, such consideration cannot and therefore does not raise the fallen bar of the statute so as to revive the right to sue. Neely v. United States, 4 Cir., 115 F.2d 448, 452; Ball v. United States, 6 Cir., 101 F.2d 272, 274, certiorari denied 308 U.S. 563, 60 S.Ct. 74, 84 L.Ed. 473; Jenkins v. United States, 5 Cir., 86 F.2d 123, 124, certiorari denied 300 U.S. 675, 57 S.Ct. 673, 81 L.Ed. 880. The limitation of Sec. 19 of the War Veterans' Act is upon the court's power to entertain a suit. The limitation may not, therefore, be waived or abrogated by estoppel. Coleman v. United States, 6 Cir., 100 F.2d 903, 905. Even payment of installments under a policy does not operate as a waiver of the defense of limitations or estop the government from pleading it. See Morgan v. United States, 5 Cir., 115 F.2d 427, 429, certiorari denied 312 U.S. 701, 61 S.Ct. 806, 85 L.Ed. 1135. In that case it was said that the institution of suit on a war risk policy within a specified time is a condition precedent to the jurisdiction of the court and that a claimant's failure to sue timely operates as a bar to judgment without the statute's being specially pleaded. See, also, Bono v. United States, loc. cit. supra [2 Cir., 113 F.2d 724].; Munro v. United States, 2 Cir., 89 F.2d 614, 616, affirmed 303 U.S. 36, 40, 58 S.Ct. 421, 82 L.Ed. 633; United States v. Trollinger, 4 Cir., 81 F.2d 167, 168; Lynch v. United States, 5 Cir., 80 F.2d 418, 419. The statute of limitations was, therefore, an effectual bar to the instant suit."

In Edwards, et al. v. United States, (9 Cir. 1947) 163 F.2d 268, the court at page 269 said:

"The United States may not be sued without its consent and where permission is granted suits against it 'can be maintained only * * * in the manner prescribed and subject to the restrictions imposed.' Munro v. United States, 303 U.S. 36, 41, 58 S.Ct. 421, 423, 82 L.Ed. 633. 'Jurisdiction is not a matter of sympathy or favor. The courts are bound to take notice of the limits of their authority * * *.' Reid v. United States, 211 U.S. 529, 539, 29 S.Ct. 171, 172, 53 L.Ed. 313."

■ The applicable statute, hereinbefore set forth, imposes as a jurisdictional prerequisite to recovery a substantive condition, qualification or restriction on both the right and remedy of the plaintiff and on the suability of the United States. Thus, the effect of the passage of more than six years after the disagreement between plaintiff and the Veterans Administration without the commencement of an action leaves this court without jurisdiction of the action whether the statute is pleaded or not, and leaves forever barred the right, the remedy and the liability. See the concurring opinion of Judge Hutcheson, Quinton v. United States, (5 Cir. 1962) 304 F.2d 234, beginning at page 241.

Therefore, an order is being entered today granting the motion of defendant and dismissing the complaint of plaintiff for lack of jurisdiction.